IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP.,
a Delaware Corporation ,

      Plaintiff,

vs.

SIERRA RAILROAD COMPANY,
a California Corporation,

      Defendant.
_____/

AND RELATED COUNTERCLAIMS
_____/

No. CIV S-09-0009-MCE-EFB

ORDER

Pending for hearing before this court on August 5, 2009, is plaintiff's motion for *in-camera* review and to compel production of documents. Dckt. No. 26. In support of this motion, plaintiff has filed a separate motion to file under seal the unredacted declaration of plaintiff's counsel, Lisa L. Halko. Dckt. No. 27. Plaintiff's sealing request complies with the procedural requirements of E. D. Cal. L. R. ("Local Rule") 39-141.

A court will not grant a motion to seal documents unless the proponent makes a particularized showing either that the record is one traditionally kept secret or that there is a compelling reason for sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122,

1135 (9th Cir. 2003); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).  Generally, two standards govern motions to seal documents.  *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 801 (9th Cir. 2007).  "First, a compelling reasons standard applies to most judicial records.  This standard derives from the common law right to inspect and copy public records and documents, including judicial records and documents." *Id.*  (internal citations and quotations omitted).  "[A] party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Id.*  (internal citations and quotations omitted).

At issue in the pending motions is the purportedly inadvertent disclosure of the first three pages of a document identified as Bates Number SRR 6786-6798, specifically pages SRR 6786-6788, which defendant asserts are privileged.  Plaintiff's counsel states that her unredacted declaration describing these pages, particularly their purported inconsistency with the deposition testimony of defendant's President, Michael Hart, should be sealed "to protect [defendant's] unadjudicated rights, if any should exist, to the confidentiality in the document."  Dckt. No. 27, at p. 2.  This rationale, on its face, fails to demonstrate good cause to support plaintiff's sealing request.  The purported inconsistencies alleged by plaintiff's counsel go to the core of the discovery dispute that will be heard in open court, and the documents attached as exhibits to the declaration are not privileged.  The court is hardpressed to find that defendant may be prejudiced by the public disclosure of plaintiff's position in written form, prior to its disclosure at oral argument.

The court will nonetheless defer making a decision on plaintiff's sealing request until it rules on the underlying motion to compel, and will, until then, maintain in chambers the unredacted declaration of plaintiff's counsel.  The parties may share the unredacted document pursuant to the provisions of their protective order approved by the district judge on May 21, 2009.

////

1  However, in order to assist and expedite the court's consideration of the pending motion
2  to compel, the court will order defendant to submit forthwith, for *in camera* review, the
3  documents at issue, Bates Number SRR 6786-6788.
4  For the foregoing reasons, IT IS HEREBY ORDERED that:
5  1. Plaintiff's motion to file documents under seal, Dckt. No. 27, shall remain pending
6  until the court's further consideration of plaintiff's motion to compel discovery; and
7  2. Defendant shall submit, on or before July 17, 2009, for *in camera* review, Bates
8  Number SRR 6786-6788.
9  SO ORDERED.
10  DATED: July 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE