IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP.,

      Plaintiff,                  No. CIV S-09-0009 MCE EFB

      vs.

SIERRA RAILROAD COMPANY,

      Defendant.           <u>ORDER</u>

                          /

On May 19, 2010, the court heard plaintiff's motion to compel defendant to respond to certain requests for production of documents. Dckt. No. 70. Attorney Sarah W. Asplin appeared at the hearing on behalf of plaintiff; attorneys W. Scott Cameron and Torgny Nilsson appeared on behalf of defendant. As stated on the record, and for the reasons stated on the record, plaintiff's motion to compel and corresponding request for sanctions, Dckt. No. 70, were granted.[1] All discovery responses required by that ruling were to be produced on or before May 26, 2010.[2]

---

[1] At the hearing, the court also denied defendant's request, which defendant included in its portion of the joint statement, that the court order plaintiff to produce certain documents, because that request is not yet ripe for decision.

[2] Plaintiff's request to file under seal a Consolidated Financial Statement containing defendant's proprietary and confidential financial information, portions of the transcript of David

1    At the hearing, the court directed plaintiff to file a declaration regarding the expenses

2  incurred in making the motion to compel, and advised defendant that it would have five days

3  thereafter to respond to the declaration.  Plaintiff's counsel Sarah Asplin filed a declaration on

4  May 20, 2010, requesting $7000.00 in expenses.  Dckt. No. 78.  The declaration states that Ms.

5  Asplin spent approximately 19 hours, at a rate of $250.00 per hour, meeting and conferring with

6  opposing counsel and researching and drafting the notice of motion and motion, the joint

7  statement in support of the motion, and the supporting declarations.  *Id.* ¶ 4.  The declaration also

8  states that plaintiff's attorney M. Theresa Tolentino Meehan spent approximately 5.5 hours, at a

9  rate of $410.00 per hour, researching and preparing for the filing of the motion, including her

10  revisions and supervision of the drafting of the notice of motion and motion, the joint statement,

11  and the declarations.  *Id.* ¶ 5.  Additionally, the declaration provides that "[i]n the event the

12  Court requests the time sheets for my time or for Ms. Meehan's time, Patriot respectfully

13  requests that those time sheets be submitted for in camera review."  *Id.* ¶ 7.

14    On May 25, 2010, defendant filed a response to plaintiff's declaration, objecting to the

15  amount of attorneys' fees sought and the lack of evidentiary support for those fees.  Dckt. No.

16  79.  Defendant contends that plaintiff's "request for fees is not supported by any evidence

17  establishing or explaining the number of hours worked and internally demonstrates that many

18  hours claimed must be excessive and redundant."  *Id.* at 2.  Defendant argues that although

19  plaintiff "seeks to recover fees for researching the motion and joint statement, . . . every sentence

20  with a citation to legal authority in [plaintiff's] portion of the joint statement filed in support of

21  this motion is identical to [plaintiff's] sections of the joint statement filed in a previous motion,"

22  in which the court denied plaintiff's request for attorneys' fees.  *Id.*  Defendant also argues that

23  although plaintiff seeks to recover fees spent writing meet and confer letters, plaintiff cannot

24  recover fees for "ordinary litigation activities."  *Id.* at 2-3.  Finally, defendant contends that the

25  _____

26  Magaw, and an exhibit to Magaw's deposition transcript entitled "Financial Date 2006 -
McClellan Park" in support of its motion to compel, Dckt. No. 73, is also granted.

1    fees sought are redundant or otherwise unnecessary, and argues that because plaintiff's

2    declaration fails to substantiate its fee requests, plaintiff's request for fees should be denied.

3    Defendant argues that "[s]hould any fees be awarded, they should be substantially reduced due

4    to the actual work necessary to draft the motion (given that every citation to legal authority was

5    lifted directly from the prior motion) and time spent 'observing' a senior attorney work." *Id.* at

6    3.

7           The court cannot determine, based on plaintiff's counsel's May 20, 2010 declaration,

8    whether the fees sought by plaintiff amount to *reasonable* expenses incurred in making the

9    motion to compel.  Therefore, if plaintiff still seeks to recover those expenses, plaintiff will need

10   to provide the court with a more detailed explanation of the fees incurred.  Although plaintiff has

11   requested that any required time sheets be submitted for in camera review, plaintiff has not

12   explained why such an in camera review would be necessary.  Therefore, plaintiff's request for

13   an in camera review will be denied without prejudice.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.  Plaintiff's motion to compel and corresponding request for sanctions, Dckt. No. 70,

16   were granted at the May 19, 2010 hearing.

17          2.  Plaintiff's request to file under seal a Consolidated Financial Statement containing

18   defendant's proprietary and confidential financial information, portions of the transcript of David

19   Magaw, and an exhibit to Magaw's deposition transcript entitled "Financial Date 2006 -

20   McClellan Park" in support of its motion to compel, Dckt. No. 73, is granted, and the Clerk is

21   directed to file those documents under seal.

22          3.  If plaintiff still seeks to recover the reasonable expenses incurred in making the

23   motion to compel, plaintiff shall file, on or before June 2, 2010, a more detailed explanation of

24   the fees incurred and a response to the arguments made in defendant's May 25, 2010 opposition

25   to plaintiff's declaration in support of fees.

26   ////

3

1        4.  Plaintiff's request to submit its counsel's time sheets for in camera review is denied

2    without prejudice.

3        5.  On or before June 9, 2010, defendant may file an opposition or response to any filing

4    by plaintiff regarding plaintiff's request for fees.

5        6.  On or before June 16, 2010, plaintiff may file a reply in support of its request for fees.

6        SO ORDERED.

7    DATED:   May 26, 2010.

8                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE