IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP.,
a Delaware corporation,

      Plaintiff,

vs.

SIERRA RAILROAD COMPANY,
a California corporation,

      Defendant.

No. CIV S-09-0009 MCE EFB

ORDER

AND RELATED COUNTERCLAIMS

On June 16, 2010, during a hearing on Patriot Rail Corp.'s motion for a protective order, Sierra Railroad Company filed a motion to compel production of documents and an ex parte application for an order shortening the time for hearing the motion.[1]  Dckt. No. 89.  Upon being made aware of Sierra's application, the court ordered Patriot to file an opposition.  Patriot filed an opposition the same day.  Dckt. No. 94.

////

////

---

[1] The matter is before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

The parties' discovery cut-off date is June 18, 2010. Sierra contends that good cause exists to hear the motion to compel on shortened time because "[g]iven the shortness of time between plaintiff's production of documents . . . and the close of discovery" there is no time for a regularly noticed motion. Sierra does not explain why it failed to serve its discovery requests with sufficient time to file a motion to compel before the discovery deadline.

This lawsuit was filed on December 31, 2008, almost 18 months ago. *See* Dckt. No. 20. On May 18, 2009, the court issued a scheduling order setting the discovery deadline for April 7, 2010. Dckt. No. 20. On April 5, 2010, the court extended the discovery deadline until May 21, 2010. Dckt. No. 66. On April 29, 2010, the court further extended the discovery deadline until June 18, 2010. Dckt. No. 72.

Sierra did not serve the set of document requests at issue in its motion to compel until May 7, 2010. After Sierra granted Patriot a two-day extension of time, Patriot served their responses to the document requests on June 8, 2010, and served amended responses on June 9, 2010. Despite the impending June 18 discovery deadline, Sierra waited to file the instant application for an order shortening time until June 16, 2010.

Sierra has failed to comply with Local Rule 251(b), which states that a motion "shall not be heard" unless the parties have met and conferred. Sierra makes the bare contention that it has been "unable to meet and confer" because of "the shortness of time between the production of documents and the discovery deadline." But Sierra had Patriot's responses on June 9, and did not file the instant application until June 16. There is no justification for Sierra's failure to meet and confer with Patriot during the intervening week.[2]

////

---

[2] This is not the first indication of dilatory practices on Sierra's part. On June 10, 2010, the court directed Sierra to file any opposition to Patriot's motion to shorten time for a hearing on a motion for a protective order by the close of business on June 14, 2010. Sierra failed to file its opposition until the morning of June 16, 2010, right before the 10:00 a.m. hearing on the motion.

1  Sierra has not explained why it failed to serve this set of document requests knowing that
2  the discovery deadline left no time for a regularly noticed motion to compel, or why it failed to
3  attempt to meaningfully meet and confer with Patriot's counsel between June 9 and June 16
4  regarding the sufficiency of the responses.  Good cause for granting Sierra's application for an
5  order shortening the time for hearing defendant's motion to compel does not exist.

6  Accordingly, it is hereby ORDERED that:

7  1.  The application for an order shortening time is denied; and

8  2.  The accompanying motion to compel is therefore denied as untimely.[3]

9  SO ORDERED.

10 DATED: June 17, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] As set forth in the district judge's scheduling order, the discovery deadline is the date on which all discovery is to be "completed," which "means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed."

3