IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP.,

    Plaintiff,                                   No. CIV S-09-009 MCE EFB

    vs.

SIERRA RAILROAD COMPANY,

    Defendant.                               <u>ORDER</u>

/

        On March 22, 2011, plaintiff Patriot Rail Corporation ("Patriot") filed an ex parte application for an order shortening time for hearing on a motion for a protective order and sanctions.[1] Dckt. No. 146.  Plaintiff contends that good cause exists to hear the motion for a protective order on shortened time because "for the first time on March 21, 2011, Patriot learned that Defendant and Counter Claimant Sierra Railroad Company ("Sierra") filed a Motion to Compel Responses to Subpoena and For Contempt and Sanctions on Third Party UBS Bank ("Sierra's Motion") in district court in New York on March 17, 2011." *Id.* at 2.  Patriot contends that Sierra failed to provide Patriot notice of the motion which is set to be heard in New York on April 5, 2011, and that "Sierra's Motion is untimely, as UBS's responses to the subpoena at issue

---

[1] The matter is before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

was due on September 10, 2010, and the discovery cut-off has long since passed." *Id.* Patriot further contends that "Sierra's Motion was brought for an improper purpose, namely, to harass Patriot and one of its service providers," and that "Sierra's original purpose for seeking the documents from UBS is no longer relevant since the Court issued an Order granting Patriot summary adjudication on the very issue to which the documents were related." *Id.* Patriot contends that "Sierra's Motion, if permitted to proceed, would cause Patriot to suffer prejudice because Patriot's expert reports and rebuttal report have been disclosed over four months ago and because Patriot will be required to incur fees and costs opposing Sierra's Motion in district court in New York." *Id.* Finally, Patriot contends that it sought a stipulation to shorten time from Sierra to no avail, and that the motion should be heard on shortened time because Sierra's Motion is set to be heard on April 5 in New York and Patriot's opposition to the motion is due on March 28. *Id.* at 2-3.

However, on March 23, 2011, Sierra notified this court that it has directed its New York counsel to dismiss the motion to compel in New York. Dckt. No. 147. Although Sierra's conduct in filing the motion in New York is disconcerting, especially in light of the long-expired discovery deadline, because Patriot's application for an order shortening time for hearing on a motion for a protective order and the protective order motion itself are based upon the pending motion in New York, in light of Sierra's withdrawal of that motion, Patriot's application for an order shortening time and Patriot's motion for a protective order and sanctions, Dckt. No. 146, are denied.

SO ORDERED.

DATED: March 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE