UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP.,                          No. 2:09-cv-00009-MCE-EFB

      Plaintiff,

  v.                                         MEMORANDUM AND ORDER

SIERRA RAILROAD COMPANY,

      Defendants.
_____

And Related Counterclaim.

----oo0oo----

Defendant Sierra Railroad Company ("Sierra") has filed a Request for Review by the District Court of the Magistrate Judge's Ruling (ECF No. 157) granting Plaintiff Patriot Rail Corp.'s ("Patriot's") Motion for a Protective Order (ECF No. 146). The protective order prevents further efforts by Sierra to enforce an order and subpoena seeking financial records from a third party, UBS Investment Bank ("UBS").

///

///

Sierra requests review on grounds that the Magistrate Judge's order was "clearly erroneous or is contrary to law" pursuant to Federal Rule of Civil Procedure 72(a).[1]  Alternatively, Sierra joints with its Request a Motion for Relief pursuant to Rule 60(b) or a modification of the Pretrial Scheduling Order ("PTSO") pursuant to Rule 16(b)(4). (Def.'s Req. for Review, 1:5-9, May 19, 2011, ECF No. 159).

For the reasons set forth below, Sierra's Request is denied.

### BACKGROUND

This case stems from unsuccessful negotiations between the parties for Patriot's acquisition of Sierra. Patriot seeks monetary damages for breach of contract, breach of implied covenant of good faith and fair dealing, fraud, and unfair competition.  Sierra, in turn, is countersuing for damages under the same theories, as well as intentional and negligent interference with prospective economic advantage, misappropriation of trade secrets, and coercion. (Joint Status Report, 2-3, Mar. 6, 2009, ECF No. 15).

The current Request (ECF No. 159) relates to a subpoena originally issued by Sierra to UBS on June 8, 2010, 10 days prior to the June 18, 2010 non-expert discovery cutoff.  The cutoff, which had already been extended twice, was extended again to June 25, 2010, then once more to what the Magistrate Judge and Patriot presumed was a new cut-off date of September 10, 2010.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

(See Orders Amending Pretrial Scheduling Order, ECF Nos. 100 & 104).  Sierra, however, contends that the plain language of the second order indicates that September 10 was only the "[l]ast day for third parties to respond" to requests, not the deadline for them to enforce discovery requests. (Def.'s Req. 1:16-19, ECF No. 159).

On March 17, 2011, Sierra filed a Motion to Compel against UBS in the Southern District of New York (where UBS is headquartered).  The motion was withdrawn when an agreement was apparently reached with UBS to produce the documents. (Id. at 6). On May 5, 2011, the Magistrate Judge granted Patriot's Motion for a Protective Order preventing further efforts by Sierra to obtain the documents from UBS on grounds that those efforts were untimely. Sierra's current Request asks this Court to reverse the Magistrate Judge's order pursuant to Rule 72(a) or alternatively to modify the PTSO pursuant to Rules 60(b) or 16(b)(4).

**ANALYSIS**

**A.  Rule 72(a) Review**

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 72-303(f), as specifically authorized by Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Under this standard, the Court must accept a magistrate judge's decision unless it has a "definite and firm conviction that a mistake has been committed."

///

3

Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993). If the Court believes the conclusions reached by the magistrate judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently. Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997). After reviewing the evidence, this Court cannot say that the Magistrate Judge's order was "clearly erroneous or contrary to law" as the standard has been defined. While the language of the order extending the deadline to September 10, 2010 was arguably vague, the Magistrate Judge indicated that he based his holding both on the fact that applicable local rules do not allow indefinite extensions of time and a lack of due diligence exercised by Sierra. (Tr. Of Proceedings, 10-11, May 2, 2011, ECF No. 160).

Local Rule 144 states that "[n]o open extensions of time by stipulation of the parties will be recognized." L.R. 144(a). Consequently, the interpretation of September 10, 2010 as the non-expert discovery cut-off appears to be the most reasonable interpretation. Sierra contends otherwise, claiming that interpreting it as such would have given them no time to enforce the subpoena following UBS's failure to produce by the deadline. (Def.'s Req. 9:26-28, ECF No. 159).

///
///
///
///

4

However, even if this Court were to adopt Sierra's interpretation of the September 10 date, the Magistrate Judge was well within the law in declaring that the six months it took Sierra to file a Motion to Compel - from September 10, 2010 to March 17, 2011 - demonstrated a lack of due diligence and thus made it untimely. <u>Gault v. Nabisco Biscuit Co.</u>, 184 F.R.D. 620, 622 (D. Nev. 1999) ("If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely"); <u>Bredemus v. Int'l Paper Co.</u>, 252 F.R.D. 529, 534 (D. Minn. 2008) (the trial court generally has considerable discretion in granting or denying discovery requests and it is not an abuse of discretion to deny a discovery request that is untimely); <u>In re Health Mgmt., Inc.</u>, 1999 WL 33594132, at *5-6 (E.D.N.Y. Sept. 25, 1999) (finding no error in denial of motion to compel as untimely based on undue delay); <u>see also Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 95 F.3d 86 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying appellant's motion to compel where appellant waited more than one month after the second extended discovery deadline).

Sierra's explanation for the delay is that Patriot's Summary Judgment Motion, filed on August 26, 2010, was not denied until February 1, 2011. Sierra claims that "moving to enforce the subpoena at this time...would have squandered judicial resources," because the documents would have become irrelevant if the motion was granted. (Def.'s Req. 6:3-8, ECF No. 159).

This explanation, however, does not address the six-week gap between the February 1, 2011 ruling and Sierra's March 17, 2011 Motion to Compel.

If Sierra was under the assumption that September 10, 2010 was only the deadline for UBS to respond, it was still under a duty to begin enforcement as soon as feasible.  Even accepting Sierra's argument that pursuing enforcement of the subpoena while the summary judgment was pending was a waste of resources, to demonstrate due diligence Sierra should have filed its motion shortly after the decision was rendered. Sierra offers no explanation for why it waited 44 more days to file the motion, despite the fact that all other significant discovery deadlines, as well as the last day to file dispositive motions had long expired. (Stipulation and Order, 3, July 27, 2010, ECF No. 104).

For the reasons detailed above, this court has no "definite and firm conviction" that the Magistrate Judge's order was "clearly erroneous or contrary to law."  Therefore, relief from the order is not justified under Rule 72(a).

**B.   Review under Rules 60(b) and 16(b)(4)**

Sierra also seeks alternative relief under Rule 60(b) or a modification of the PTSO under this Court's discretion pursuant to Rule 16(b)(4).

Rule 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies that:

///
///
///
///
///

6

1
2
3
4
5
6
>On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

7 Mere dissatisfaction with the court's order or belief that the
8 court is wrong in its decision are not adequate grounds for
9 relief. Richardson v. Ayers, 2009 WL 1528183, *1 (N.D. Cal.
10 May 29, 2009). Relief under Rule 60(b)(6) is available only under
11 extraordinary circumstances. Twentieth Century-Fox Film Corp. v.
12 Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).
13     To justify relief under Rule 60(b), Sierra urges an analysis
14 of factors applied by the Ninth Circuit in Pincay v. Andrews,
15 389 F.3d 853 (9th Cir. 2004).  In Pincay, the Ninth Circuit,
16 sitting *en banc*, affirmed the district court's excusal of a
17 calendaring mistake that caused an attorney to miss the thirty-
18 day deadline for filing an appeal. Id. at 856.  After looking at
19 issues including both the lack of any prejudice and the absence
20 of any bad faith in the calendaring error at issue, the Pincay
21 court determined that the district court did not abuse its
22 discretion in allowing the attorney to file for an extension.
23 Id.
24 ///
25 ///
26 ///
27 ///
28 ///

Applying the Pincay factors to the present case, however, is unnecessary. As explained above, even accepting Sierra's interpretation of September 10, 2010 as only the deadline for UBS to respond, Sierra was still required to use due diligence in pursuing enforcement and has provided no explanation for the 44-day gap between the summary judgment ruling and its Motion to Compel. This Court bases its decision to deny Sierra's Request not solely on the reasonable interpretation of September 10, 2010 as the non-expert discovery cutoff, but also on its assessment that Sierra did not exercise due diligence in pursuing enforcement. Therefore, excusing the mistaken interpretation of the September 10 deadline under Rule 60(b) would not excuse Sierra's untimely motion and, thus, does not justify the requested relief.

Similar reasoning applies to Sierra's request to modify the PTSO. The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule's "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Because Sierra has not demonstrated such diligence, this Court also declines to modify the PTSO at this time.

///

///

///

**CONCLUSION**

For the foregoing reasons, Sierra's Request for Review and Motion for Relief (ECF No. 159) is DENIED.

IT IS SO ORDERED.

Dated: August 1, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE