UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP., a
Delaware corporation,

        Plaintiff,

   v.

SIERRA RAILROAD COMPANY,
a California corporation,

        Defendant.
_____

And Related Counterclaim.
_____

No. 2:09-cv-00009-MCE-EFB

**ORDER**

----oo0oo----

    Defendant and Counterclaimant Sierra Railroad Company ("Sierra") request, through the motion presently before the Court, an order modifying the terms of protective order, filed on May 21, 2009, and now in place with respect to the above-captioned matter.

///

///

1

Due to ongoing acquisition negotiations between Sierra and a prospective purchaser, Iowa Pacific Holdings ("IPH"), and due diligence disclosures requested by IPH as to pending litigation, including the present case, Sierra asks that the terms of the protective order be amended to permit such disclosure. Sierra filed this Motion when it was unable to reach any consensus with Plaintiff Patriot Rail Corp. ("Patriot") as to how a due diligence disclosure could be effectuated.

By order dated October 24, 2011, this Court gave the parties fourteen (14) days to reach a mutually acceptable revision of the protective order currently in place. By declarations filed by counsel on behalf of both sides on November 7 and 8, 2011, the parties notified the Court that they were unable to reach any compromise. Consequently, as the Court indicated it would do in the absence of an agreement, it will now unilaterally make the changes to the protective order it deems appropriate under the circumstances.

First, although the Court did earlier decline to modify the protective order upon Sierra's request, modification would be necessary in the event a potential purchaser was interested in acquiring Sierra, at this point that development has moved beyond mere speculation given Sierra's representation that actual sales negotiations with a specific entity, IPH, are now occurring. Sierra's claim in that regard is corroborated by a declaration to the same effect from Daniel Marko, IPH's General Counsel.

///
///
///

The concrete nature of those negotiations and Marko's specific request for Sierra's litigation files (including files related to the present action) in order to assess Sierra's value as an acquisition target, are sufficient to cause the Court to revisit the issue at this time.  Given the difference between the circumstances now and the hypothetical nature of Sierra's previously denied request for modification, the Court rejects Patriot's claim that Sierra's current request is nothing more than an untimely request for reconsideration as to its previous order.

The law is clear that a party subject to a protective order may return to the issuing court to seek modification of that order.  Osband v. Woodford, 290 F.3d 1036, 1039 (9th Cir. 2002). That includes stipulated protective orders like the original order issued here.  United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990).  Also significant is the fact that protective orders may be modified to meet the reasonable needs of parties in pending litigation.  See, e.g., Beckman Industries v. Int'l Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992).

Here, the Court is persuaded that Sierra's potential acquisition by ICH does warrant modification of the protective order.  Significantly, Patriot made similar due diligence requests with respect to pending litigation during the ultimately unsuccessful purchase negotiations underlying this very case, insisting that it could not determine Sierra's value, and make a considered purchase offer, without obtaining access to its litigation files.  See Decl. Of Michael Hart, ¶ 3.

Fundamental notions of equity and fair play require that Sierra be afforded a similar right, particularly if confidentiality precautions as to the use of any due diligence information are established.

 Filed concurrently herewith is an amended protective order which includes the modifications the Court deems appropriate following its review and analysis of all the materials submitted by both sides in connection with the motion.  The Court believes those modifications recognize not only Sierra's right to provide needed due diligence disclosures, but also Patriot's confidentiality concerns in any divulged information.  Sierra's Motion for an Order Modifying Protective Order (ECF No. 167) is accordingly GRANTED.[1]

 IT IS SO ORDERED.

Dated: January 23, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

4