UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT RAIL CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA RAILROAD COMPANY, a California corporation,<br><br>Defendant.<br>_____<br>And Related Counterclaim.<br>_____ | No. 2:09-cv-00009-MCE-EFB<br><br><br>**AMENDED PROTECTIVE ORDER** |

The Protective Order previously issued in this matter on May 21, 2009 (ECF No. 21) is hereby amended to permit Defendant Sierra Railroad Company ("Sierra") to make due diligence disclosures to a prospective purchaser, Iowa Pacific Holdings ("Iowa Pacific") as follows:

    1.    Litigation Information produced or exchanged in the course of this case may be used only for the purposes of this litigation and for Sierra's due diligence disclosures in connection with its potential acquisition by Iowa Pacific.

1

1      2.    "Litigation Information" includes, without limitation, any information obtained by either party from the other party in the course of this litigation.  Litigation Information includes, but is not limited to, information produced during formal or informal discovery, including depositions, and information produced during formal or informal settlement discussions. Litigation information does not include information in the public domain or information that is not obtained through litigation in this action.  A party need not designate Litigation Information produced or exchanged, either by stamping, marking, or otherwise identifying the document or information as "Confidential" or "Litigation Information" in order for the protections of this order to apply to it.

     3.    "Highly Confidential" is extremely sensitive "Litigation Information" whose disclosure to a non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. A Party that designates information for protection under this order must take care to limit any such designation to specific material that qualifies under that standard.  The Designating Party must also take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.  Mass, indiscriminate, or routinized designations are prohibited.

///
///

1 Designations that are shown to be clearly unjustified, or that
2 have been made for an improper purchase, will expose the
3 Designating Party to sanctions.
4     4.   This Amended Protective Order will remain in full force
5 and effect unless by modification by further order of this Court
6 or written agreement of the Parties.  The provisions of this
7 order shall survive and remain in full force and effect after the
8 conclusion of this case (including any appellate proceedings),
9 whether by settlement or through entry of final judgment.
10     5.   Litigation Information must be made available only to:
11        a.   Parties to this action;
12        b.   Attorneys of record in this litigation and
13 employees of such counsel to whom it is necessary that the
14 material be shown for the purposes of this litigation;
15        c.   Third parties employed by a party, or its attorneys
16 of record, solely for the purpose of assisting in preparation for
17 trial (e.g., retained experts) after executing the stipulation to
18 be bound for the Amended Protective Order, attached hereto as
19 Exhibit A;
20        d.   Court personnel and any stenographic reporters
21 engaged in this action;
22        e.   A mediator or neutral person hired by the parties
23 or appointed by the Court to assist in resolution of this
24 litigation; or
25 ///
26 ///
27 ///
28 ///

1          f.  Iowa Pacific, given Sierra's representation that it
2    is engaged in ongoing acquisition negotiations with Iowa Pacific
3    as a protective purchaser for Sierra, and given due diligence
4    requests made by Iowa Pacific in connection with that potential
5    acquisition for Sierra's Litigation Information, provided that
6    Iowa Pacific Holdings also executes the stipulation (attached
7    hereto as Exhibit A) to be bound by the terms of this Amended
8    Protective Order.  Prior to disclosing any Litigation Information
9    to Iowa Pacific, Sierra is directed to provide Plaintiff Patriot
10   Rail Corp. ("Patriot Rail") with a list of documents to be
11   provided to Iowa Pacific in accordance with the terms of this
12   Amended Protective Order.  Within five days following Patriot
13   Rail's receipt of said list, Patriot Rail may designate a certain
14   narrow category of documents as "Highly Confidential" as defined
15   above.  Documents so designated can only be reviewed by Iowa
16   Pacific at the offices of either Sierra or Sierra's counsel.  No
17   copies of documents designated as "Highly Confidential" shall be
18   made or provided to Iowa Pacific in either paper or electronic
19   form.
20     6.  Subject to the Federal Rules of Evidence, the parties
21   may offer Litigation Information in evidence during the course of
22   this litigation.
23     7.  The parties do not waive their right to object to
24   producing any document, responding to any interrogatory, or
25   request for admission, or the disclosure of any information by
26   any means of discovery in this matter.
27   ///
28   ///

4

8. Counsel for each party must take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of any Litigation Information.

9. This Amended Protective Order shall apply to all Litigation Information produced or exchanged prior to the date of execution of said order, on that date and after that date.

10. A party may seek a court order to enforce the terms of this Amended Protective Order. Even if no further order is sought, however, the terms of the present order shall be binding on all parties.

11. The Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this order.

IT IS SO ORDERED.

Dated: January 23, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

Exhibit A

**STIPULATION TO BE BOUND FOR AMENDED PROTECTIVE ORDER**

    I hereby certify that I have reviewed and understand the attached Amended Protective Order agreed to by the parties and entered into the record by the Court.  I, being a person covered under paragraph 5(c) or 5(f) of the Amended Protective Order, agree to comply with its terms and to submit to the jurisdiction of the United States District Court for the Eastern District of California should I violate the terms of said order.
    I further certify that I am authorized to sign this Agreement on behalf of any entity listed below for which I am employed and, in doing so, bind not only myself, but also all other personnel of such entity to which it is necessary that the material be shown and/or shared for the purposes of this litigation, and that I will take reasonable steps to ensure compliance by such other personnel with this Agreement and the Amended Protective Order.

Dated:

_____
Signature

_____
Printed Name of Signatory

_____
Name of Employer

_____
Address