UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP., a
Delaware corporation,,

        Plaintiff,

  v.

SIERRA RAILROAD COMPANY,
a California corporation,

        Defendant.
_____

And Related Counterclaim.
_____

No. 2:09-cv-00009-MCE-EFB

**ORDER**

----oo0oo----

Defendant and Counterclaimant Sierra Railroad Company ("Sierra") requests, through the motion presently before the Court, an order enforcing the terms of Amended Protective Order, filed on January 24, 2012, and now in place with respect to the above-captioned matter.

///

1

1           Due to ongoing acquisition negotiations between Sierra and a
2    prospective purchaser, Iowa Pacific Holdings ("IPH"), and due
3    diligence disclosures requested by IPH as to pending litigation,
4    including the present case, Sierra filed a motion to permit
5    amendment of the initial May 21, 2009 Protective Order to permit
6    such disclosure.  That Motion was granted by order dated
7    January 24, 2012 (ECF No. 189) and, as indicated above, an
8    Amended Protective Order (ECF No. 190) was issued that same day.
9           Under the terms of the Amended Protective Order, Sierra was
10   permitted to disclose its litigation files to a prospective
11   purchaser like IPH, in order to satisfy due diligence requests,
12   so long as 1) said prospective purchase executes a stipulation to
13   be bound by the terms of the Amended Protective Order; 2) a "list
14   of documents" proposed to be disclosed is provided to Defendant
15   Patriot Rail Corporation ("Patriot"); and 3) Patriot is given the
16   opportunity to designate a "certain narrow category of documents"
17   as "highly confidential." and subject to only restricted
18   disclosure.  In discussing use of the "highly confidential"
19   designation, Patriot was warned to avoid resort to "mass,
20   indiscriminate, or routinized" categorization.  ECF No. 190,
21   2:25-26.
22          Sierra now asks the Court to enforce the terms of the
23   Amended Protective Order on grounds that Patriot has sought to
24   designate virtually "the entire contents of Sierra's litigation
25   file, even documents produced by third parties or by Sierra
26   itself, as 'highly confidential.'"  Motion, 3: 21-22.  According
27   to Sierra, that amounts to just the kind of mass designation that
28   the Amended Protective Order prohibited.

                                    2

Sierra also argues that Patriot makes the same kind of due diligence requests of its own potential acquisition targets, including the aborted purchase negotiations that underlie the present litigation.

Patriot counters that Sierra has failed to satisfy the second prerequisite for disclosure,[1] which requires that Sierra provide a "list of documents" to be provided so that Patriot, in turn, can designate within five days which of those documents should be classified as "highly confidential".

By its own admission, Sierra has simply "described the contents of its litigation file in categorical fashion." Motion, 2:8. It accordingly provided counsel for Patriot with only eight general categories of documents it sought to disclose. See Decl. of Louis A. Gonzalez, Ex. B. Patriot's counsel objected by email dated February 1, 2001 (see id.), stating that the terms of the Amended Protective Order "clearly directs Sierra to Provide a concise list of **documents**- not **categories**." Id., emphasis in original. Patriot went on to designate, in extremely broad fashion, the documents it sought to protect as "highly confidential" in the face of the general categories of documents identified by Sierra.

///

///

---

[1] Although there appears to have been an argument advanced by Patriot to the effect that IPH must demonstrate that it remains engaged in acquisition discussions, that contention is misguided. IPH's General Counsel, Daniel Marko, previously submitted a declaration to that effect (ECF No. 171), and it appears uncontroverted that IPH has executed a stipulation to be bound by the Amended Protective Order, as that order requires.

1 The Court agrees that the specific terms of the Amended
2 Protective Order provide that a "list of documents be provided"
3 before Patriot is obligated to designate any documents so listed
4 as "highly confidential". The eight broad categories identified
5 by Sierra do not suffice in that regard. While the Court is
6 sympathetic to Sierra's claim that it has to make its litigation
7 files available to IPH to satisfy IPH's due diligence request,
8 and cannot predict just what documents IPH chooses to examine,
9 that does not obviate the terms of the Amended Protective Order
10 which unequivocally require that a "list of documents" be
11 furnished to Patriot beforehand.
12 Although the Court recognizes that a document by document
13 listing may be onerous and even largely unnecessary to the extent
14 various groups of documents have been generated by Patriot, it is
15 equally clear that more particularity has to be provided by
16 Sierra in order to meet the requirements of the Amended
17 Protective Order. The parties are encouraged to work together on
18 a mutually acceptable means of identification, short of a serial
19 description of each and every piece of paper in Sierra's
20 litigation file, that will satisfy their concerns. In the
21 meantime, however, the categorical description offered by Sierra
22 is not adequate and cannot support the present motion.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Defendant Sierra's Motion to Enforce Amended Protective Order (ECF No. 197) is accordingly DENIED, without prejudice, at this time.[2]

IT IS SO ORDERED.

Dated: March 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).