UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP.,                           No. 2:09-cv-00009-MCE-EFB

      Plaintiff,

  v.                                          ORDER

SIERRA RAILROAD COMPANY,

      Defendants.
_____/

    On the Court's own motion, the Court makes the following Orders.

    I.    <u>FINAL PRETRIAL CONFERENCE</u>

    The May 17, 2012 Final Pretrial Conference is vacated and continued to **December 13, 2012** at **2:00 p.m.** in Courtroom 7.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

1

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **November 15, 2012**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.

2

1  Each disputed fact or undisputed fact should be separately
2  numbered or lettered.
3      Each party shall identify and concisely list each disputed
4  evidentiary issue which will be the subject of a motion in
5  limine.
6      Each party shall identify the points of law which concisely
7  describe the legal issues of the trial which will be discussed in
8  the parties' respective trial briefs.  Points of law should
9  reflect issues derived from the core undisputed and disputed
10 facts.  Parties shall not include argument or authorities with
11 any point of law.
12     The parties shall prepare a joint statement of the case in
13 plain concise language which will be read to the jury at the
14 beginning of the trial.  The purpose of the joint statement is to
15 inform the jury what the case is about.
16     The parties are reminded that pursuant to Local Rule 281
17 they are required to list in the Joint Final Pretrial Conference
18 Statement all witnesses and exhibits they propose to offer at
19 trial.  After the name of each witness, each party shall provide
20 a brief statement of the nature of the testimony to be proffered.
21 The parties may file a joint list or each party may file separate
22 lists.  These list(s) shall not be contained in the body of the
23 Joint Final Pretrial Conference Statement itself, but shall be
24 attached as separate documents to be used as addenda to the Final
25 Pretrial Order.
26 ///
27 ///
28 ///

1  Plaintiff's exhibits shall be listed numerically.
2 Defendant's exhibits shall be listed alphabetically.  The parties
3 shall use the standard exhibit stickers provided by the Court
4 Clerk's Office: pink for plaintiff and blue for defendant.  In
5 the event that the alphabet is exhausted, the exhibits shall be
6 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
7 number of letters in parenthesis (i.e., "AAAA(4)") to reduce
8 confusion at trial.  All multi-page exhibits shall be stapled or
9 otherwise fastened together and each page within the exhibit
10 shall be numbered.  All photographs shall be marked individually.
11 The list of exhibits shall not include excerpts of depositions,
12 which may be used to impeach witnesses.  In the event that
13 Plaintiff and Defendant offer the same exhibit during trial, that
14 exhibit shall be referred to by the designation the exhibit is
15 <u>first</u> <u>identified</u>.  The Court cautions the parties to pay
16 attention to this detail so that all concerned, including the
17 jury, will not be confused by one exhibit being identified with
18 both a number and a letter.
19  The Final Pretrial Order will contain a stringent standard
20 for the offering at trial of witnesses and exhibits not listed in
21 the Final Pretrial Order, and the parties are cautioned that the
22 standard will be strictly applied.  On the other hand, the
23 listing of exhibits or witnesses that a party does not intend to
24 offer will be viewed as an abuse of the court's processes.
25 ///
26 ///
27 ///
28 ///

1    The parties also are reminded that pursuant to Rule 16 of
2 the Federal Rules of Civil Procedure it will be their duty at the
3 Final Pretrial Conference to aid the Court in: (a) the
4 formulation and simplification of issues and the elimination of
5 frivolous claims or defenses; (b) the settling of facts that
6 should properly be admitted; and (c) the avoidance of unnecessary
7 proof and cumulative evidence.  Counsel must cooperatively
8 prepare the Joint Final Pretrial Conference Statement and
9 participate in good faith at the Final Pretrial Conference with
10 these aims in mind.  A failure to do so may result in the
11 imposition of sanctions which may include monetary sanctions,
12 orders precluding proof, elimination of claims or defenses, or
13 such other sanctions as the Court deems appropriate.
14    VIII.  TRIAL BRIEFS
15    The parties shall file trial briefs not later than
16 **November 28, 2012.**  Counsel are directed to Local Rule 285
17 regarding the content of trial briefs.
18    IX.  EVIDENTIARY AND/OR PROCEDURAL MOTIONS
19    Any evidentiary or procedural motions are to be filed by
20 **November 21, 2012.**  Oppositions must be filed by **November 28,**
21 **2012** and any reply must be filed by **December 5, 2012.**  The
22 motions will be heard by the Court at the same time as the Final
23 Pretrial Conference.
24    X.  TRIAL SETTING
25    The July 16, 2012 jury trial is vacated and continued to
26 **February 25, 2013** at **9:00 a.m.** in Courtroom 7.  Trial will be by
27 jury.  The panel will consist of eight (8) jurors.  The parties
28 estimate a trial length of fifteen (15) days.

5

## XI. SETTLEMENT CONFERENCE

At the Final Pretrial Conference, the Court may set a settlement conference if the parties so request. In the event no settlement conference is requested, the parties are free to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement. Such statements are neither to be filed with the Clerk nor served on opposing counsel. Each party, however, shall serve notice on all other parties that the statement has been submitted. If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a settlement conference prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of the case. In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing. The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case.

///
///

Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

XII. OTHER

Pursuant to this Order, the Plaintiff's Motion to Continue Trial (ECF No. 219) is denied as moot. Accordingly, the April 19, 2012 motion hearing is vacated.

IT IS SO ORDERED.

Dated: April 17, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE