UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP., a
Delaware corporation,,

        Plaintiff,

   v.

SIERRA RAILROAD COMPANY,
a California corporation,

        Defendant.
_____

And Related Counterclaim.
_____

No. 2:09-cv-00009-MCE-EFB

**ORDER**

    Plaintiff and Counterdefendant Patriot Rail Corp. ("Patriot Rail") request, through the motion presently before the Court, an Order striking the Supplemental Expert Report of Forrest Vickery, dated December 19, 2011, and submitted by Defendant and Counterclaimant Sierra Railroad Company ("Sierra") to support Sierra's damage claims in this matter. Patriot Rail asserts that Mr. Vickery's Supplemental report impermissibly discloses new opinions, and new areas of damage, that fall outside the scope of a proper supplemental report.

1

1 Patriot also requests sanctions for Sierra's alleged "continuing
2 misconduct and bad faith in violating the Court's Scheduling
3 Orders and abusing the judicial process."  Patriot's Mot. to
4 Strike, iii:13-14.
5    Although Patriot Rail posits that deadline for expert
6 disclosures expired in late 2010, more than a year before
7 Vickery's supplemental report was forthcoming, Federal Rule of
8 Civil Procedure 26(e)(2) expressly provides for supplementation
9 of an expert witness' report irrespective of whether the expert
10 discovery guidelines have passed.  Rule 26 permits a supplemental
11 report up until the time pretrial disclosure are made, which
12 under Rule 26(a)(3) may be made until 30 days before trial.  The
13 trial in this matter is presently set for February 25, 2013.
14    Patriot nonetheless argues that Sierra has demonstrated no
15 substantial justification for not submitting its supplemental
16 sooner, and therefore urges the Court to strike the supplemental
17 report as untimely.  According to the Declaration of Forrest
18 Vickery submitted in opposition to Patriot's motion, however,
19 Vickery did not have additional information with respect to
20 actual carloads of freight handled by Patriot on its Sacramento
21 Valley line until October of 2011, when one of his business
22 associates obtained copies of newsletters published by Patriot
23 and made available to attendees at the Sacramento Business Expo
24 held at McClellan Park, where Patriot's short-line railroad
25 operates.  Vickery Decl., ¶ 5.  After receiving that information,
26 Vickery states he obtained information in the form of a June 26,
27 2011, newspaper article from the <u>Sacramento Bee</u>.
28 ///

Both the newsletters and the newspaper piece, according to Vickery, contained additional freight carload data that Vickery states affected fundamental assumptions set forth in his original expert report. Id. Vickery opines that the new information was materially different than the carload information he had at the time of his earlier projections, and enabled him to project profits with greater accuracy over the terms of the McClellan contract, making inclusion of a disgorgement approach appropriate. Id. at ¶¶ 5-6. Vickery also maintains that more current financial information enabled him to update other information contained in the report, which included altering some items of damages and eliminating others entirely.

    Patriot Rail takes issue with the propriety of Mr. Vickery's conclusions in this regard. Patriot argues that Vickery already had sufficient data prior to his supplemental report and that Vickery's conclusions are simply impermissible new opinions reached in the wake of a failed mediation session between the parties.

    It would be improper for this Court to reject out of hand Mr. Vickery's sworn explanation attesting to the importance of the new information with respect to profit projections and other damages data. Significantly, it appears uncontroverted that Vickery did receive updated carload data, which he concluded was materially different than that relied upon at the time his original report was prepared. The reliability of import of Vickery's conclusions in that regard must be relegated to cross-examination and rebuttal at the time of trial; to strike Vickery's report altogether in the face of the explanation he has proffered would be in error.

1     It should also be noted that Patriot Rail's claim of prejudice with respect to the Supplemental Report is undermined by the fact that it elected not to depose Mr. Vickery with respect to the conclusions he initially offered.  Additionally, it is undisputed that additional carload data was in fact generated that Patriot Rail did not itself provide to Sierra (even though it had the data and later provided confirmation of same by way of supplemental discovery responses) before Vickery's supplemental report was generated through third-party information.  For Patriot Rail to argue prejudice under those circumstances is disingenuous indeed.

   Patriot Rail's Motion to Strike the Supplemental Expert Report of Forrest Vickery (ECF No. 205) is accordingly DENIED.[1] Patriot's request for sanctions against, as well as Sierra's own request for sanctions, are also denied.  Given the impending February 2013 trial, the parties are advised to focus their attention on preparing for that trial.

   IT IS SO ORDERED.

Dated: July 23, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

4