UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP., a
Delaware corporation,,

       Plaintiff,

  v.

SIERRA RAILROAD COMPANY,
a California corporation,

       Defendant.
_____

And Related Counterclaim.
_____

No. 2:09-cv-00009-MCE-EFB

**ORDER**

    Defendant and Counterclaimant Sierra Railroad Company ("Sierra") request, through the motion presently before the Court, an Order compelling supplemental responses to discovery previously propounded upon Plaintiff and Counterdefendant Patriot Rail Corp. ("Patriot"). Sierra claims to have discovered information demonstrating that Patriot has failed to supplement existing discovery responses and has failed to provide the requested supplemental responses when confronted by Sierra about the information it obtained which indicated that supplementation was in fact necessary.

1

1    Sierra correctly points out that under Federal Rule of Civil
2 Procedure 26(e)(1)(A), parties to litigation have a duty to
3 supplement disclosure and discovery if a party "learns that in
4 some material respect [its] previous disclosure or response is
5 incomplete and incorrect."  Documents discovered or coming into a
6 party's possession after an earlier document request for such
7 documents, for example, must be disclosed.  See United States v.
8 Boyce, 148 F. Supp. 2d 1069, 1088 (S.D. Cal. 2001).
9    Sierra premises the instant Motion to Compel on Patriot's
10 alleged failure to formally supplement its discovery responses
11 when confronted with specific documents obtained by Sierra's
12 damages expert, Forrest Vickery.  According to Sierra, while
13 those documents plainly triggered an obligation on Patriot's part
14 to provide additional responses, Patriot nonetheless declined to
15 do so.  Sierra consequently asks that "the Court order Patriot to
16 provide supplemental responses updating its initial disclosures
17 as well as each of the discovery requests served on it during the
18 course of this litigation."  Sierra's Mot., 5:6-8.  Sierra also
19 requests that it be awarded sanctions on grounds that the Motion
20 now before the Court "never should have been necessary."  Id. at
21 5:8.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2

1    Patriot, in response, while not disputing its obligation to
2 provide supplemental responses as necessary, argues that Sierra
3 failed to complete the requisite meet and confer process before
4 bringing the motion before the undersigned after Sierra's initial
5 motion before the assigned Magistrate Judge was rejected as
6 untimely.[1]  Patriot's counsel has represented to the Court,
7 however, that on February 7, 2012, two days before the present
8 motion was brought in this Court, it told Sierra that it would be
9 producing additional updated documents to supplement its
10 discovery responses and disclosures.  Counsel for Patriot have
11 represented that it did provide the promised supplemental
12 responses on February 15, 2012, followed by the production of
13 additional documents on February 23, 2012.  See Tolentino Meehan
14 Decl., ¶ 7, 9.  Patriot therefore claims that the present motion
15 has been rendered moot by that supplemental production.
16    The Court will construe Ms. Meehan's declaration as her
17 representation, under penalty of perjury, that all necessary
18 supplemental responses and/or documents have been made on behalf
19 of Patriot.  Patriot and/or Ms. Meehan will be subject to
20 sanctions if that representation is later determined to be
21 incorrect.  At this juncture, however, the Court must take
22 Ms. Meehan's representation at face value.

---

[1] The Magistrate Judge rejected the Motion solely on grounds that he lacked jurisdiction over any discovery dispute once the discovery deadline set forth in this Court's Pretrial Scheduling Order had passed.  The Magistrate Judge made no ruling with respect to the merits of the instant dispute.  The present motion was properly refiled here because it pertains to additional discovery obligations that extend beyond the close of ordinary discovery, and accordingly must be brought before the District Judge.

3

Her claim that the discovery responses have in fact been "properly supplemented" (id. at ¶ 9) indeed makes the instant motion moot.

Sierra's Motion to Compel Supplemental Discovery (ECF No. 201) is accordingly DENIED.[2]  Sierra's request for sanctions against Patriot, as well as Patriot's own request for sanctions, are also denied.  Given the impending February 2013 trial, the parties are advised to focus their attention on preparing for that trial rather than to continue the interminable, and vituperative, motion proceedings that have plagued this matter virtually from its onset.

IT IS SO ORDERED.

Dated: July 23, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

4