UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRIOT RAIL CORP.,                              No.  2:09-cv-0009-TLN-AC

             Plaintiff,

     v.                                                   **MEMORANDUM AND ORDER**

SIERRA RAILROAD COMPANY, a
California corporation,

             Defendants.

AND RELATED COUNTERCLAIMS

      This matter is before the Court on a Motion for Leave to Amend Counter-Claim and to
Serve Unserved Counter-defendants Patriot Rail Holdings LLC and Patriot Equity LLC brought
by Defendant/Counter-claimant Sierra Railroad Co. ("Sierra").  (Mot. for Leave to Amend
Countercl. and Serve Unserved Counter-Defs., ECF No. 266.)  Plaintiff and counter-defendant
Patriot Rail Corp. ("Patriot") and counter-defendants Patriot Rail, LLC, and Larry Coe oppose the
motion.  (Pl. and Counter Def. Resp., ECF No. 274.)  The Court also heard oral argument on this
matter with focus on the Motion to Serve Unserved Counter-defendants.  For the reasons set forth
below, Sierra's motion to serve unserved counter-defendants is denied; Sierra's motion to amend

1

1  to add parties is denied without prejudice but granted to the extent Sierra requests to omit its

2  coercion claim for relief.

3  **I.      BACKGROUND**

4         This litigation arises out of a dispute between Patriot Rail Corp., ("Patriot"), a short line

5  and regional freight railroad holding company, and Sierra Railroad Co. ("Sierra"), a freight

6  hauling, switching and car storage company.  Sierra operated rail switching services at McClellan

7  Business Park, a rail-served industrial park in Sacramento County.  Patriot and Sierra entered into

8  negotiations for Patriot to acquire Sierra.  During the course of the parties' negotiations,

9  McClellan Business Park terminated its lease with Sierra and awarded a leasing contract to

10  Patriot.  The parties' negotiations broke down; Patriot never acquired Sierra; this litigation

11  ensued.

12         Patriot filed its complaint in December 2008 alleging eight claims on various legal

13  theories arising from tort, contract, and statute.  (Pl.'s Compl., ECF No. 2.)  Sierra answered and

14  asserted nine counterclaims against Patriot.  (Def.'s Answer, ECF No. 6.)  Sierra then amended its

15  counterclaims to add four additional counter-defendants, individual Larry Coe, Patriot Rail, LLC,

16  Patriot Rail Holdings LLC, and Patriot Equity LLC.  (Def.'s Am. Answer, ECF No. 12.)  Patriot

17  answered the counterclaims.  (Pl.'s Answer Am. Countercl., ECF No. 16.)   Unserved counter-

18  defendants Patriot Rail Holding LLC and Patriot Equity LLC did not join in Patriot's answer.

19         On March 6, 2009, the parties filed their joint status report.  (Joint Status Report, ECF No.

20  15.)  In that report, Sierra represented that it would serve process on all counter-defendants.  (ECF

21  No. 15 at 5:26–27 ("Defendant will effect service of process on the additional counter-

22  defendants").)  Based on the joint status report, on May 18, 2009, this Court entered a pretrial

23  scheduling order which in relevant part reads:

24         I.      SERVICE OF PROCESS

25         All named Defendants have been served and no further service is
           permitted without leave of court, good cause having been shown.
26

27         II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

           No joinder of parties or amendments to pleadings is permitted
28         without leave of court, good cause having been shown.

(Pretrial Sched. Order, ECF No. 20.)  Sierra filed objections to the scheduling order stating all

counter-defendants had not yet been served.  Sierra's objections in relevant part read:

> . . . all Counterdefendants have not yet been served.

> The Joint Status Report filed jointly by Plaintiff Patriot Rail
> Corp. ("Patriot") and Defendant Sierra, the only two parties who
> had been served or appeared in this matter, states that additional
> counterdefendants have not been served.   Sierra has delayed
> serving these counterdefendants in furtherance of efforts to reach a
> settlement with Patriot, and because the time within which to serve
> these additional counterdefendants had not yet expired.  Federal
> Rule of Civil Procedure 4(m) provides for a 120-day period in
> which to serve a defendant from the time of filing a complaint. In
> this case, the 120-day period within which to serve these
> counterdefendants has not yet run because these counterdefendants
> were added with the first amended counterclaim filed by Sierra on
> February 17, 2009.   Therefore, the 120-day period for service
> continues until June 17, 2009.

> Defendant and Counterclaimant Sierra respectfully objects
> to the Courts' [sic] Pretrial Scheduling Order terminating its ability
> to serve the additional counterdefendants prior to the expiration of
> the 120-day period provided for in Rule 4(m).  *Sierra therefore
> requests that the Court amend its Pretrial Scheduling Order to
> provide Sierra until at least June 17, 2009 to effect service on the
> remaining counterdefendants.*

(Obj. Pretrial Sched. Order, ECF No. 22 (emphasis added).)  In a minute order, the Court granted

Sierra's request to amend the Pretrial Scheduling Order, nunc pro tunc, setting the deadline to

effect service on remaining counter-defendants as June 17, 2009.  (Min. Order, ECF No. 34.)

In June 2009, the parties were also in negotiations for counter-defendants Patriot Rail

Holdings LLC and Patriot Equity LLC to waive service in exchange for Sierra's agreement to

allow Patriot to amend the complaint.  (Gonzalez Decl., ECF No. 266-2 at ¶¶ 6–7, Ex. B.)  Sierra,

however, did not stipulate to Patriot's draft amended complaint and confirmed this in a September

2009 email.  (ECF No. 266-2 at ¶ 11, Ex. F.)  In that same email, Sierra's counsel asked whether

Patriot was still prepared to accept service on behalf of the unserved counter-defendants.   (ECF

No. 266-2 at ¶ 11, Ex. F ("are you still prepared to accept service for the cross-defendants?").)[1]

---

[1] The parties refer to Patriot Rail Holdings LLC and Patriot Equity LLC as "cross-defendants."
This appears to be a misnomer.  Cross-defendants refer to those parties against whom a
crossclaim under Federal Rule of Civil Procedure 13 is filed.  *See* Fed. R. Civ. P. 13(g).  There is
no indication here that Plaintiff Patriot seeks to sue Patriot Rail, LLC, Patriot Equity LLC, or
Patriot Rail Holdings LLC.

1    Patriot never responded.

2           On December 3, 2009, counter-defendants Patriot Rail LLC and Larry Coe answered

3    Sierra's counterclaims.  (Answer Am. Countercl., ECF No. 36.)  Unserved counter-defendants

4    Patriot Rail Holding LLC and Patriot Equity LLC did not join in this answer.

5           Because the parties did not stipulate to Patriot's amended complaint, in February 2010,

6    Patriot moved for leave to amend its complaint.  (Pl.'s Mot. for Leave to Amend Compl., ECF

7    No. 39.)  Sierra opposed Patriot's amendment arguing that the appropriate standard for

8    amendments after the pretrial scheduling order issued was "good cause" and Patriot had not

9    demonstrated such good cause.  (Def.'s Opp'n Mot. for Leave to Amend Compl., ECF No. 48.)

10   The Court adopted Sierra's standard of "good cause" but granted Patriot's motion for leave to

11   amend anyway.  (Order, ECF No. 52.)  Patriot filed an amended complaint shortly thereafter.  (Pl.

12   First Am. Compl., ECF No. 61.)  Sierra filed an answer to the amended complaint and

13   counterclaims.  (Def.'s Answer First Am. Compl., ECF No. 65.)  Patriot, Patriot Rail, LLC, and

14   Larry Coe answered Sierra's counterclaims.  (Answers First Am. Countercl., ECF Nos. 67–68.)

15   Unserved counter-defendants Patriot Rail Holding LLC and Patriot Equity LLC did not join in

16   this answer.

17          In May 2010, Sierra contends that it was under the impression that Patriot's counsel

18   agreed to accept service of the counterclaims on behalf of counter-defendants Patriot Rail

19   Holdings LLC and Patriot Equity LLC at the Deposition of Gary Hunter.  (ECF No. 266-2 at ¶

20   14.)  Patriot does not address the Hunter deposition specifically, but generally contends that there

21   was never a fully formed agreement to waive service on behalf of counter-defendants Patriot Rail

22   Holdings LLC or Patriot Equity LLC.[2]

23   _____

24   [2] The Court is disturbed by both parties' lack of candor on this point.  Sierra's counsel, Mr.
     Gonzalez, declares that his co-counsel Mr. Cameron requested that Patriot's counsel waive
25   service of the counterclaims on behalf of counter-defendants Patriot Rail Holdings LLC and
     Patriot Equity LLC at the Hunter deposition.  Based on this hearsay, Mr. Gonzalez states that he
26   "was under the impression that Patriot's counsel had agreed to accept service of the Amended
     Counter-Claim at the Hunter deposition."  (ECF No. 266-2 at ¶ 14.)  However, Sierra did not
27   identify any additional circumstances surrounding this purported agreement including which
     counsel for Patriot purportedly agreed to waive service, or why the stipulation was not
28   memorialized in writing to opposing counsel or on the record at the Hunter deposition.  Likewise,

4

1   In its pretrial scheduling order, this Court set the initial discovery cut-off as April 7, 2010.

2   (ECF No. 20.)  Throughout this case, the discovery cut-off date has been extended several times.

3   (*See* Stip. and Orders, ECF Nos. 66, 72, 100, 104 (extending discovery cut-off date from April 7,

4   2010, to May 21, 2010, to June 18, 2010, to staggering deadlines in June 2010, July 2010, and

5   September 10, 2010).)  Throughout 2010 and 2011, the parties continued to engage in discovery,

6   and law and motion practice.

7   In August 2012, Patriot served supplemental discovery responses stating explicitly that

8   Patriot Rail Holdings LLC and Patriot Equity LLC were non-parties.  (ECF No. 266-2 at ¶ 17, Ex.

9   H; Decl. of M. Theresa T. Meehan, Ex. A, ECF No. 274-2.)  Prompted by this response, Sierra

10  conducted a search of records but was unable to corroborate any agreement in writing that

11  Patriot's counsel ever waived service on behalf of Patriot Rail Holdings LLC or Patriot Equity

12  LLC.  (ECF No. 266-2 at ¶ 18.)

13  Patriot's supplemental discovery response also disclosed two name changes: (1) unserved

14  counter-defendant Patriot Rail Holdings LLC changed its name to Pacific Rail Holdings LLC,

15  and (2) served counter-defendant Patriot Rail LLC changed its name to Pacific Rail LLC.  (ECF

16  No. 266-2 at ¶ 17; ECF No. 274-2.)

17  In February 2013, Patriot filed a supplemental statement that disclosed unserved counter-

18  defendant Patriot Rail Holdings LLC no longer owned any stock in Patriot; instead Patriot

19  Funding LLC owned 100% of Patriot's stock.  (Suppl. Discl. Stmt., ECF No. 256.)

20  In April 2013, this case was transferred to Judge Nunley and shortly thereafter trial was

21  reset for March 10, 2014.  (Orders, ECF Nos. 273, 288.)  Trial was originally scheduled for

22

23  Patriot's declaration in support of its opposition makes absolutely no reference to the Hunter
    deposition either.  (ECF No. 274-2.)  When asked by the Court at oral argument what documents
24  it had in support of the purported agreement made at the Hunter deposition, Sierra misdirected the
    Court to the June 2009 email instead of the Hunter deposition in May 2010.  Likewise, Patriot
25  was silent at oral argument with respect to Sierra's allegation that Patriot agreed to accept service
    at the Hunter deposition.  The Court reminds counsel for both parties of their ethical obligations
26  as officers of the court under the Professional Rules of Conduct and under the Federal Rules of
    Civil Procedure.  *See, e.g.*, Cal. R. Prof. Conduct 5-200 (stating that a member "[s]hall employ,
27  for the purpose of maintaining the causes confided to the member such means only as are
    consistent with truth [and] [s]hall not seek to mislead the judge, judicial officer, or jury by an
28  artifice or false statement of fact or law"); *see also* Fed. R. Civ. P. 11(b).

1 February 7, 2011, and has been rescheduled several times in this case for various substantive and

2 administrative reasons.  (Orders, ECF Nos. 20, 37, 185, 224, 245, 275, 288 (rescheduling trial

3 from February 7, 2011, to March 19, 2012, to July 16, 2012, to February 25, 2013, to July 1,

4 2013, to March 10, 2014).)

5          Before the Court is Sierra's motion for leave to (1) serve unserved counter-defendants

6 Patriot Rail Holdings LLC and Patriot Equity LLC, and (2) amend its counterclaims to add

7 Pacific Rail LLC, Pacific Rail Holdings LLC, and Patriot Funding LLC as counter-defendants.

8 Additionally, Sierra seeks to amend its counterclaims to omit its eighth claim for relief alleging

9 coercion, which this Court dismissed pursuant to summary judgment.  For the reasons set forth

10 below, Sierra's motions are denied, except to the extent Sierra seeks to omit its eighth claim for

11 relief alleging coercion.

12 **II.     MOTION FOR LEAVE TO SERVE UNSERVED COUNTER-DEFENDANTS**

13          **A.     LEGAL STANDARD**

14          Federal Rule of Civil Procedure 4(m) requires a party to serve a defendant within 120

15 days after the complaint is filed.  If the party fails to serve the defendant within that time period,

16 the court must dismiss the action without prejudice or order that service be made within a

17 specified time.  *See* Fed. R. Civ. P. 4(m).  If the party shows good cause for the failure to serve,

18 however, the court must extend the time for service for an appropriate period.  *See* Fed. R. Civ. P.

19 4(m).  Courts must determine whether good cause has been shown on a case by case basis.  *In re*

20 *Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing *Cartage Pac., Inc. v. Waldner (In re Waldner)*,

21 183 B.R. 879, 882 (9th Cir. BAP 1995)).  Courts may consider several factors in determining

22 whether good cause exists to extend the time for service including: the reason for the delay (and

23 whether it was the result of excusable neglect); length of the delay; whether defendant has been

24 prejudiced by the delay in service (and whether it had actual notice of the claims asserted in the

25 complaint); and prejudice to the plaintiff (and whether the statute of limitations would bar re-

26 filing the complaint).  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  The burden of

27 showing "good cause" is on the plaintiff.  Fed. R. Civ. P. 4(m).

28          If good cause is not established, however, the court may extend time for service in its

1    discretion.  *Henderson v. United States*, 517 U.S. 654, 661 (1996) (concluding that "the 120–day

2    provision operates not as an outer limit subject to reduction, but as an irreducible allowance").

3    "[U]nder the terms of the rule, the court's discretion is broad."  *In re Sheehan*, 253 F.3d at 513

4    (9th Cir. 2001); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts

5    have broad discretion to extend time for service under Rule 4(m)).

6        **B.    ANALYSIS**

7        It is undisputed that Sierra failed to serve Patriot Rail Holdings LLC and Patriot Equity

8    LLC within 120 days after filing its amended counterclaims naming them as counter-defendants.

9    The issue becomes then whether Sierra has shown good cause, which would require this Court to

10   extend the time for service, or if not, whether this Court should exercise its discretion to extend

11   the time for service.

12        *1.    Reason for Delay*

13        An attorney's ignorance of the rules, oversight, inadvertence, or mistake does not rise to

14   the level of excusable neglect much less good cause.  *See, e.g.*, *In re Sheehan*, 253 F.3d at 519–20

15   (holding that service of process is "one of the most fundamental acts to commence an action" and

16   therefore failure to do so does not rise to the level of excusable neglect); *Townsel v. County of*

17   *Contra Costa*, 820 F.2d 319–320 (9th Cir. 1987) (ignorance of the time of service under Rule

18   4(j)—the predecessor to 4(m)—was not excusable neglect); *Wei v. State of Hawaii*, 763 F.2d 370

19   (9th Cir. 1985) (no good cause to extend time to serve opposing party where counsel failed to

20   calendar the 120–day deadline); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930–31 (9th

21   Cir. 1994) (attorney's mistake of law in interpreting the time to file a post-trial motion did not

22   constitute excusable neglect under Federal Rule of Civil Procedure 6(b)); *Familian Northwest,*

23   *Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 955–56 (9th Cir. 1994) (inadvertent omission of

24   invoices from a claim due to corporate restructuring was not excusable neglect because the

25   corporation was aware of the restructuring and the problems it could cause).

26        At its core, Sierra's stated reason for its failure to serve is that the parties were in

27   protracted meet-and-confer discussions regarding a stipulation for unserved counter-defendants to

28   waive service.  Sierra's attorneys believed that a stipulation for unserved counter-defendants to

7

1   waive service had finally been reached at the deposition of Gary Hunter in May 2010.  (ECF No.

2   266-2 at ¶ 14 ("Mr. Gonzalez was under the impression that Patriot's counsel had agreed to

3   accept service of the Amended Counter-Claim at the Hunter deposition").)  Sierra admits that it

4   cannot corroborate any agreement with Patriot to accept service on behalf of unserved counter-

5   defendants.  (ECF No. 266-2 at ¶ 18 ("Sierra's counsel has been unable to corroborate in writing

6   that Patriot's counsel ever, in fact, accepted service on Patriot [Equity] LLC and Patriot Rail

7   Holdings LLC").).  Therefore, because Sierra's mistaken belief and failure to confirm any

8   agreement appear to be nothing more than an inadvertent mistake, it does not constitute excusable

9   neglect or good cause.

10          Furthermore, there is no evidence that Sierra was confused about the requirements of

11   service, or that it was prevented from serving unserved counter-defendants by factors beyond its

12   control.  *See Wei*, 763 F.2d at 372 (good cause may include a situation where service has been

13   attempted but not completed, plaintiff was confused about the requirements of service, or plaintiff

14   was prevented from serving defendants by factors beyond his control); *Elec. Specialty Co. v. Rd.*

15   *& Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992) (holding that where plaintiff made a

16   diligent effort to achieve service, the district court was within its discretion to excuse plaintiff's

17   failure to serve process).  Nothing prevented Sierra from simply serving counter-defendants,

18   rather Sierra admits that it knew precisely how to effect service on counter-defendants but just

19   refused to do so.  (Def.'s Mem. P.&A.'s, ECF No. 266-1 at 5:27–28 ("service would have been

20   effected on Gary Marino, the President and CEO of Patriot and the managing member of Patriot

21   Rail LLC, who have been parties to this case"); Def.'s Reply, ECF No. 276 at 4:23–24 ("service

22   on Gary Mariono [and counter-defendants] would have been a simple matter").)

23          Sierra complains that Patriot offered but then changed its mind about its willingness to

24   waive service on behalf of unserved counter-defendants.  However, Sierra cites no authority to

25   support its contention that requesting counter-defendants *waive* service is equivalent to diligently

26   attempting to *effect* service for purposes of Rule 4.  *Compare Chemehuevi Indian Tribe v. Wilson*,

27   181 F.R.D. 438, 440 (N.D. Cal. 1998) ("[G]ood cause generally means 'that service has been

28   attempted but not completed, that plaintiff was confused about the requirements of service, or that

1  plaintiff was prevented from serving defendants by factors beyond his control.'"); *Mateo v. M/S*

2  *KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) ("good cause" generally means "that service had

3  been attempted but not completed*), abrogated on other grounds in Brockmeyer v. May*, 383 F.3d

4  798 (9th Cir. 2004).  Therefore, this factor weighs against granting Sierra's motion.

**2.**     ***Length of Delay***

6  Sierra's lengthy delay in seeking relief also weighs against finding good cause.  *See Efaw*

7  *v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (holding district court abused its discretion

8  when it permitted the plaintiff to serve unserved defendants after seven years of delay).  Sierra's

9  failure to serve counter-defendants is on par with the plaintiff's failure in *Efaw*.  Sierra has waited

10 over four years to seek relief from the court for its failure to serve counter-defendants.  Although

11 it appears that the parties reached a tentative agreement for counter-defendants Patriot Rail

12 Holdings LLC and Patriot Equity LLC to waive service in June 2009, the agreement was

13 conditional, based on Sierra's acquiescence of Patriot filing an amended complaint.  While the

14 Court expresses no opinion on the wisdom or propriety of such an agreement, it is clear from

15 Sierra's own submission that they refused to agree to Patriot's amended complaint.  Therefore, by

16 Sierra's counsel's own words there was no understanding by counter-defendants to waive service

17 in October 2009.  (ECF No. 266-2 at ¶ 11, Ex. F ("are you still prepared to accept service for the

18 cross-defendants?").)  Furthermore, this Court ordered Sierra to *complete* service by June 17,

19 2009, not to have a tentative agreement to waive service by that time.  By June 17, 2009, Sierra

20 should have promptly sought an amendment of the pretrial order to permit late service.  Sierra's

21 failure to seek amendment of the pretrial order is even more conspicuous in light of the numerous

22 other stipulations it submitted to amend the pretrial order throughout this case.  (*See, e.g.*, ECF

23 Nos. 66, 72, 100, 104.)  Therefore, the Court finds that Sierra has been dilatory in seeking relief,

24 and this factor weighs against granting Sierra's motion.

**3.**     ***Prejudice to Patriot and Unserved Counter-defendants***

26 Patriot argues that the last-minute addition prejudices it and the unserved counter-

27 defendants by depriving them of their rights to discovery and fair trial preparation including the

28 right to bring dispositive motions.  Sierra posits that Patriot and unserved counter-defendants will

9

1    suffer no prejudice if they are added at this late stage because they have been on notice of the

2    lawsuit citing *Lavian v. Haghnazari*, 884 F. Supp. 670, 674 (E.D.N.Y. 1995), and *Darby v.*

3    *Pasadena*, 939 F.2d 311, 314–15 (5th Cir. 1991).  At oral argument, Patriot conceded that the

4    unserved counter-defendants have been on notice of the lawsuit, but contend that lack of

5    prejudice does not equal good cause, and that both *Lavian* and *Darby* are inapposite.

6        Even assuming that a four-year delay in service is not by itself prejudicial, and even

7    assuming the Court was required to follow *Lavian* and *Darby* as mandatory authority, the Court

8    agrees with Patriot that lack of prejudice to Patriot and unserved counter-defendants does not

9    equal good cause.  *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097

10   (3d Cir. 1995) (absence of prejudice alone can never constitute good cause to excuse late service).

11   As a threshold matter, neither *Darby* nor *Lavian* addressed a situation where the party was

12   seeking for leave to serve unserved parties.  Furthermore, in *Lavian*, discovery had not yet

13   commenced when the plaintiff sought to add a party, whereas here the discovery cut-off passed in

14   2010.  *Darby* is inapposite as well.  In *Darby*, the Fifth Circuit held that dismissing a case for

15   failure to join the proper party was an abuse of discretion, where the proper party had notice of

16   the case from its inception.  Here, however, the denial of Sierra's motion will not result in the

17   dismissal of the entire case, and indeed, Sierra may move to amend the pleadings to conform to

18   evidence at trial or may move post trial to substitute appropriate parties to effect judgment.

19       Sierra also argues that it should be allowed to serve unserved counter-defendants because

20   Patriot and unserved counter-defendants are managed by the same individual citing *Rock River*

21   *Communs., Inc. v. Universal Music Group, Inc.*, No. CV 08-635 CAS (AJWx), 2009 WL

22   3841874, 2009 U.S. Dist. LEXIS 111938 (C.D. Cal. Nov. 16, 2009).  The court in *Rock River*,

23   however, permitted the late amendment because the new parties were previously unknown to

24   plaintiff and there was no prejudice because the court had stayed merits discovery.  Here,

25   however, Sierra has known about the unserved counter-defendants since February 2009, and the

26   discovery cut-off passed in 2010.  Therefore, *Rock River* does not support Sierra's argument that

27   it has good cause to serve counter-defendants at this late stage.

28       Sierra also argues, without citation, that because there is no trial date set, no prejudice

10

1  would result from any delay in the proceedings.  (ECF No. 276 at 2:28 n. 2, 6:11–20.)  This Court

2  has set a trial date set for March 2014, so Sierra's argument is now moot.  In any event, the Civil

3  Justice Reform Act contemplates that civil cases in federal court should resolve within 18 months.

4  This case has been pending for 54 months, over four times that amount.  Furthermore, federal

5  courts are subject to Federal Rule of Civil Procedure 1, which promotes the "just, speedy, and

6  inexpensive determination of every action and proceeding."  Therefore, this factor weighs against

7  granting Sierra's motion.

8  #### 4.   Prejudice to Sierra

9  Sierra argues that it will be prejudiced unless it is allowed to serve unserved counter-

10  defendants because it believes that Patriot may have shifted its assets to those entities thereby

11  barring any recovery.[3]  Sierra, however, provides no support for these assertions, which Patriot

12  denied at oral argument.  Furthermore, at oral argument, both parties agreed that any issues with

13  enforcement of judgment could be handled by post-trial discovery and/or motions.  *See, e.g.,* Fed.

14  R. Civ. P. 69 (a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in

15  interest whose interest appears of record may obtain discovery from any person—including the

16  judgment debtor—as provided in these rules or by the procedure of the state where the court is

17  located.").  Therefore, this factor weights against granting Sierra's motion.

18  #### 5.   Sierra's Other Arguments

19  Sierra argues that it should be permitted to serve unserved counter-defendants because

20  Patriot's counsel appeared, responded to discovery, and made legal arguments on behalf of the

21  unserved counter-defendants.  Upon review, however, these arguments are specious.  Only served

22  parties Patriot, Patriot Rail, LLC, and Larry Coe answered Sierra's amended counterclaims.  (*See*

23  ECF Nos. 16, 36.)  In Patriot's responses to Sierra's interrogatories, Patriot Corporation is clearly

24  identified as the responding party, and nothing in the response indicates that counsel was waiving

25  service of counter-defendants or appearing on behalf of the other entities.  Although it is true that

26  Patriot included in its discovery response information related to the unserved counter-defendants,

27

28  [3] Sierra does not argue that its recovery against unserved counter-defendants would be barred by statute of limitations.

1    Patriot's mere reference to those entities does not constitute an appearance on their behalf.  *See*

2    *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 927 (9th Cir.

3    2004) ("Normally, an appearance in an action involves some presentation or submission to the

4    court . . . .") (internal quotation marks and citations omitted).  Sierra also argues that Patriot's

5    counsel made arguments on behalf of Patriot Rail Holdings LLC in opposition to Sierra's ex parte

6    application for a temporary restraining order.  For support that Patriot's counsel made arguments

7    on behalf of unserved counter-defendant Patriot Rail Holdings LLC, Sierra quotes a line from

8    Patriot's opposition that reads "the Court cannot issue an Order that would impact Patriot Rail

9    Holding[s] LLC."  (ECF No. 276 at 8:4–5.)  However, Sierra misleads this Court by not including

10   the entire quotation.  The entire quotation reads "the Court cannot issue an Order that would

11   impact Patriot Rail Holding[s] LLC or SteelRiver, *since neither of these entities are parties to this*

12   *litigation*." (Opp'n Ex Parte Appl., ECF No. 231 at 1:18–19.)  Therefore, Sierra has not shown

13   that Patriot's counsel has appeared on behalf of unserved counter-defendants in this action.

14          For the reasons set forth above, this Court finds that it is not required to extend the time

15   for Sierra to serve unserved counter-defendants.  Nor does this Court choose to exercise its

16   discretion to permit Sierra to serve unserved counter-defendants at this late stage in the litigation.

17   Therefore, the Court denies Sierra's motion to serve unserved counter-defendants Patriot Rail

18   Holdings LLC and Patriot Equity LLC and hereby dismisses them without prejudice.  *See* Fed. R.

19   Civ. P. 4(m).

20          **6.      *In the Alternative, the Court Dismisses Unserved Counter-Defendants As***

21                    ***a Sanction for Disobeying This Court's Pretrial Order***

22          As an alternative basis, the Court dismisses unserved counter-defendants Patriot Rail

23   Holdings LLC and Patriot Equity LLC as a sanction against Sierra for disobeying the Court's

24   pretrial order to serve counter-defendants by June 17, 2009, and failing to ask the Court for relief

25   until four years later.[4]  *See* Fed. R. Civ. P. 16(f); *cf. Darby*, 939 F.2d at 314–15.  This Court

---

26   [4] Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with

27   a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
     manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

28   disposition of cases on their merits; and (5) the availability of less drastic sanctions.  These

1   ordered Sierra to serve unserved counter-defendants by June 17, 2009.  Although Sierra

2   negotiated a tentative agreement with Patriot with respect to service in June 2009, this Court

3   ordered Sierra to *complete* service by June 17, 2009, not to have a tentative agreement to waive

4   service by that time.  By June 17, 2009, Sierra should have served counter-defendants or

5   promptly sought an amendment of the pretrial order to permit late service.  Sierra could have also

6   served counter-defendants or sought an amendment of the pretrial order to permit late service in

7   September 2009, when the agreement for Patriot to accept service unraveled.  Rather than serve

8   the counter-defendants as quickly as possible, at best, Sierra appears to have waited until the

9   Hunter deposition in May 2010 to address service again.  Mr. Gonzalez vaguely declares that he

10  "was under the impression that Patriot's counsel had agreed to accept service of the Amended

11  Counter-Claim at the Hunter deposition."  (ECF No. 266-2 at ¶ 14.)  Even if this Court were to

12  credit Mr. Gonzalez's hearsay declaration, Sierra provides no evidence with respect to the

13  circumstances at the Hunter deposition in support of his belief that Patriot had waived service on

14  behalf of counter-defendants.  As set forth above, Sierra's failure to seek amendment of the

15  pretrial order is even more conspicuous in light of the numerous other stipulations it submitted to

16  amend the pretrial order throughout this case.  (*See, e.g.*, ECF Nos. 66, 72, 100, 104.)

17         Sierra argues that it did not disobey this Court's order because the order was with respect

18  to its *original* counterclaims.  Because Sierra later filed an *amended* answer with *amended*

19  counterclaims, Sierra argues that it did not violate the Court's order to serve the *original*

20  counterclaims by June 17, 2009.  (ECF No. 276 at 2:6–12 ("Since the amended counterclaim is

21  the operative one, the court's order became moot and Sierra was not required to serve the original

22  counterclaims on counter-defendants.")  This reasoning is deceptive.  Sierra stated explicitly in its

23  amended answer that it was not amending the counterclaims.  (ECF No. 65 at 15:27–28 n.1

24  ("Defendant's counterclaim is repeated here *without change to the counterclaim* currently

25  

26  factors are "not a series of conditions precedent before the judge can do anything," but a "way for
    a district judge to think about what to do."  *In re Phenylpropanolamine (PPA) Products Liab.*

27  *Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).  Even though this Court is dismissing two unserved
    counter-defendants and not the entire case, the Court has considered these factors in reaching its

28  conclusion to dismiss Patriot Rail Holdings LLC and Patriot Equity LLC.

1    operative and because *this is not an amended counterclaim* but only repeated here for

2    convenience . . . ." .) (emphasis added).)  By Sierra's own words, the counterclaims were not

3    amended but just repeated the original counterclaims.  Therefore, Sierra was required to serve the

4    original counterclaims on counter-defendants by June 17, 2009, and the pretrial order did not

5    become moot.

6          Therefore, the Court denies Sierra's motion to serve unserved counter-defendants Patriot

7    Rail Holdings LLC and Patriot Equity LLC and hereby dismisses them without prejudice.  *See*

8    Fed. R. Civ. P. 4(m); *United States v. 2,164 Watches, More or Less Bearing a Registered*

9    *Trademark of Guess?, Inc.*, 366 F.3d 767, 769 (9th Cir. 2004) ("Procedurally, dismissal without

10   prejudice [is] the appropriate action to take if the court, after considering the question of

11   prejudice, determined that [] untimely service of process should not be excused.") (citing *Johnson*

12   *v. Meltzer*, 134 F.3d 1393, 1396 (9th Cir.1998)).

13   **III.   MOTION FOR LEAVE TO AMEND COUNTER-CLAIM**

14         **A.   LEGAL STANDARD**

15         Rule 16(b)(4) provides that a schedule may only be modified for good cause and with the

16   district judge's consent.  Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad

17   faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule

18   16(b)'s focus is the moving party's reasons for seeking modification.  *Johnson v. Mammoth*

19   *Recreations, Inc.*, 975 F.2d 604, 610–11 (9th Cir. 1992).  The district court is given broad

20   discretion in supervising the pretrial phase of litigation.  *Miller v. Safeco Title Ins. Co.*, 758 F.2d

21   364, 369 (9th Cir. 1985); *see also Johnson*, 975 F.2d at 610–11 ("A scheduling order "is not a

22   frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without

23   peril.").

24         Sierra argues that Rule 15's liberal amendment policy applies, not Rule 16.  However, this

25   Court's pretrial scheduling order stated that "[n]o joinder of parties or amendment to pleadings is

26   permitted without leave of court, *good cause* having been shown."  (ECF No. 22 (emphasis

27   added).)  Therefore, pursuant to this Court's order and its plain language, Sierra must show good

28   cause.  Sierra also argues that the pretrial scheduling order did not set a deadline to add parties.

                                          14

1    This is disingenuous.  The pretrial scheduling order contains the heading, in all CAPS,

2    "ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS" and immediately below states "[n]o

3    joinder of parties or amendments to pleadings is permitted without leave of court, good cause

4    having been shown."   Additionally, Sierra is judicially estopped from arguing that Rule 15

5    instead of Rule 16 applies to its motion for leave to amend.  *See New Hampshire v. Maine*, 532

6    U.S. 742, 749–50 (2001) (holding judicial estoppel is an equitable doctrine that precludes a party

7    from gaining an advantage by asserting one position, and then later seeking an advantage by

8    taking a clearly inconsistent position); *Hamilton v. State Farm Fire. & Cas. Co.*, 270 F.3d 778,

9    782–83 (9th Cir. 2001) (same).  Previously in February 2010, Sierra opposed Patriot's motion for

10   leave to amend its complaint arguing vigorously that the standard for amendments after the Court

11   issues its pretrial scheduling order is good cause under Rule 16 and not Rule 15's more liberal

12   amendment policy.  (ECF No. 48.)  The Court agreed with Sierra and adopted the good cause

13   standard.  (ECF No. 52.)  Therefore, this Court finds that Sierra is judicially estopped from

14   arguing that Rule 15 governs its motion for leave to amend.

15       **B.     ANALYSIS**

16       Sierra seeks to add (1) Patriot Funding LLC, (2) Pacific Rail LLC, and (3) Pacific Rail

17   Holdings LLC based on updated entity information in Patriot's supplemental discovery responses

18   and Patriot's supplemental disclosure statement.  Sierra argues Patriot is diverting funds away

19   from the named and served parties, but at oral argument, Patriot denied this allegation.  Patriot

20   opposes any amendment that would add new or unserved parties (i.e., Patriot Funding LLC and

21   Pacific Rail Holdings LLC) but does not oppose the amendment of substituting Pacific Rail LLC

22   formerly known as Patriot Rail LLC. [5]

23       This Court finds that Sierra has not shown good cause to amend its counterclaims to add

24   parties four years after the initial pretrial order issued.  Sierra did not argue in its briefs or at oral

25   argument that these entities would be independently liable, but rather alleged that Patriot may be

26   diverting funds to these other entities.  (ECF No. 266-1 at 8:18–20 ("Patriot's recent disclosure

27   _____

28   [5] At oral argument, the Court attempted to clarify whether Sierra sought to substitute parties or add them.  Sierra represented at hearing that it sought to add parties, not substitute them.

1   that 100% of its assets have been sold and that two of the entity defendants have changed their

2   name necessitates amendment of the Counter Claim to ensure that any judgment on Sierra's

3   behalf is against the correct entities who are liable"; ECF No. 276 at 5:13–14 ("As to Pacific Rail

4   Holdings and Pacific Rail LLC, these are simply name changes . . . the amendment is not

5   substantive.").  Because Sierra's proposed additions are non-substantive, this case is

6   distinguishable from Sierra's cited cases, *M.G. v. County of Contra Costa*, No. C 11-04853

7   WHA, 2013 WL 706801, at *3 (N.D. Cal. Feb. 26, 2013), in which the court permitted plaintiff to

8   add two new sheriff's deputies as defendants in a civil rights case, and *Crime, Justice & America,*

9   *Inc. v. Jones*, No. 2:08-cv-00394, 2013 U.S. Dist. LEXIS 4763 (E.D. Cal. Jan. 11, 2013), in

10   which the court permitted plaintiff to add substantive claims alleging due process and equal

11   protection constitutional violations.  Furthermore, there is no evidence to support Sierra's

12   allegation that Patriot is diverting funds, which Patriot denied at oral argument.  Moreover, both

13   parties agreed at oral argument that any judgment enforcement issues could be addressed in post-

14   trial discovery and/or motions, if necessary.  *See* Fed. R. Civ. P. 69(a).

15          Therefore, at this time, the Court denies Sierra's motion to amend to add (1) Patriot

16   Funding LLC, (2) Pacific Rail LLC, and (3) Pacific Rail Holdings LLC without prejudice.  The

17   Court recognizes that parties may stipulate to amend the counterclaims to include "formerly

18   known as" entities, may move to amend the pleadings to conform to evidence at trial, and/or may

19   move post trial to substitute or clarify the proper entities for the purpose of effecting any

20   judgment.

21          To the extent that Sierra seeks leave to amend its counterclaims to omit its eighth claim

22   for relief alleging coercion, that request is granted.  This Court disposed of that claim in summary

23   judgment, and Patriot does not oppose the request.  (*See* ECF No. 266 at 2:7–8 ("The new

24   Counter-Claim . . . omits the coercion count, since Patriot's motion for partial summary judgment

25   was granted as to that count.").)  Sierra is permitted to file amended counterclaims that omit its

26   eighth claim for relief alleging coercion.

27   **IV.   MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

28          Sierra argues in a footnote that this Court should treat its motion, in the alternative, as a

16

1    motion to amend the pretrial scheduling order.  (Reply, ECF No. 276 at 2:26–27 n.1.)  A

2    scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R.

3    Civ. P. 16(b)(4).  The district court may modify the pretrial schedule "if it cannot reasonably be

4    met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory

5    committee's notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th

6    Cir. 1992).  Sierra has not demonstrated such diligence.  This case has been pending since

7    December 2008; the Court issued its pretrial order in May 2009; the discovery cut-off passed in

8    2010; the trial date has been moved several times from 2011 to its current date of March 2014.

9    Based on the facts above, this Court finds that Sierra has not exercised diligence to modify the

10   pretrial scheduling order and denies Sierra's request to do so.  *See also* L.R. 144(a) ("No open

11   extensions of time by stipulation of the parties will be recognized.").

12          Finally, the Court further reminds the parties that court-ordered deadlines with respect to

13   discovery, discovery motions, compliance with discovery motions, experts, and dispositive

14   motions have all passed. [6]  This case is confirmed for trial.  From this point forward, the Court

15   will scrutinize any further motions filed.  Any motions found to be in contravention of this

16   Court's orders may subject the violating party, their counsel, or both to sanctions or contempt

17   proceedings.  *See* Fed. R. Civ. P. 11(b) ("Representations to the Court"); Fed. R. Civ. P. 11(c)(3)

18   ("On its own, the court may order an attorney, law firm, or party to show cause why conduct

19   specifically described in the order has not violated Rule 11(b)."); Fed. R. Civ. P. 16 (f)(1)(C)

20   ("On motion or on its own, the court may issue any just orders, including those authorized by

21   Rule 37 (b)(2)(A)(ii)–(vii) if a party or its attorney . . . fails to obey a scheduling or other pretrial

22   order."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Courts of justice are universally

23   acknowledged to be vested, by their very creation, with power to impose silence, respect, and

24   decorum, in their presence, and submission to their lawful mandates. . . . These powers are

25   governed not by rule or statute but by the control necessarily vested in courts to manage their own

26   affairs so as to achieve the orderly and expeditious disposition of cases.") (citations and quotation

27

28

---

[6] The Court notes that there is one motion to compel supplemental discovery under submission. (*See* ECF Nos. 247, 268.)  The Court anticipates ruling on that motion in due course.

17

1   marks omitted); 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in

2   any court of the United States or any Territory thereof who so multiplies the proceedings in any

3   case unreasonably and vexatiously may be required by the court to satisfy personally the excess

4   costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

5   **V.      CONCLUSION**

6         It is HEREBY ORDERED that Sierra's Motion for Leave to Amend Counter-claim and to

7   Serve Unserved Counter-defendants (ECF No. 266) is denied in part and granted in part as

8   follows:

9         1.      Sierra's motion for leave to serve unserved counter-defendants is DENIED.

10  Pursuant to Federal Rule of Civil Procedure 4(m), the Court DISMISSES unserved counter-

11  defendants Patriot Rail Holdings LLC and Patriot Equity LLC without prejudice.

12        2.      Sierra's motion for leave to amend the counter-claim to add Pacific Rail LLC,

13  Pacific Rail Holdings LLC, and Patriot Funding LLC is DENIED without prejudice.

14        3.      Sierra's motion for leave to amend the counter-claim to omit the eighth clam for

15  relief alleging coercion is GRANTED.  Sierra is to file amended counterclaims in compliance

16  with this order within ten (10) days of entry of this order.

17        **IT IS SO ORDERED.**

18  Dated:        July 12, 2013

19

20

21                                        Troy L. Nunley
                                          United States District Judge
22

23

24

25

26

27

28