UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT RAIL CORP., | No. 2:09-cv-0009-TLN-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SIERRA RAILROAD CO., | |
| Defendant. | |

AND RELATED COUNTERCLAIMS

This matter is before the Court on a motion to compel supplemental discovery and for sanctions filed by Defendant and Counterclaimant Sierra Railroad Co. ("Sierra").  (ECF No. 247.) The parties filed a joint statement regarding discovery dispute (ECF No. 260) and several declarations in support of their respective positions (Meehan Decl., ECF No. 258, Hill Decl., ECF No. 258-3; Cantor Decl., ECF No. 258-4; Vickery Decl., ECF No. 260-3; Gonzalez Decl., ECF No. 261; Meehan Supp. Decl., ECF No. 262).  For the reasons set forth below, Sierra's motion is denied without prejudice.[1]

---

[1] The Court ordered this matter submitted on the briefs (ECF No. 268).  *See* E.D. Cal. L.R. 230(g).

1

## BACKGROUND[2]

This litigation arises out of a dispute between Plaintiff and Counterdefendant Patriot Rail Corp., ("Patriot"), a short line and regional freight railroad holding company, and Defendant and Counterclaimant Sierra, a freight hauling, switching, and car storage company. Sierra operated rail switching services at McClellan Business Park, a rail-served industrial park in Sacramento County. Patriot and Sierra entered into negotiations for Patriot to acquire Sierra. During the course of the parties' negotiations, McClellan Business Park terminated its lease with Sierra and awarded a leasing contract to Patriot. The parties' negotiations broke down; Patriot never acquired Sierra; this litigation ensued.

Sierra seeks to compel the production of an unredacted stock purchase agreement ("SPA") between Patriot Funding LLC and Patriot Rail Holdings LLC, facilitating the sale of Patriot Rail Corp. to SteelRiver in May 2012. Sierra also seeks to compel "related documents" apparently identified in the Declaration of Forrest Vickery, including California Form 100 Income Tax Returns from 2008 to 2011[3], California Property Returns from 2008 to 2011, the 2012 Operating Budget for SAV Operations at McClellan Park, and data pertaining to Sacramento Valley Railroad ("SAV") used to create the total Patriot operating budget. (Vickery Decl., ECF No. 260-3 at ¶¶ 14.A, 14.B, 14.C.) Sierra also appears to be requesting the Consulting and Non-Competition Agreement for Gary O. Marino and Employment and Non-Competition Agreements for Messrs. Bennett Marks, Stanley Wlotko, and Donald Redfearn. (ECF No. 260-3 at ¶ 12.) Patriot opposes the motion, arguing that it has already provided much of the redacted numbers from the SPA to Sierra; that the only figures from the SPA it has yet to disclose are holdback numbers which are privileged, and that Sierra has failed to show compelling circumstances to justify disclosure of tax returns.[4] (Patriot's Mem. P.&A., ECF No. 260-2.) Additionally, in the

---

[2] For brevity, the Court only recites the bare minimum of facts for purposes of this motion.
[3] It is not clear whether Sierra is seeking tax returns for Patriot Rail Corp. or all "Patriot Companies" as defined in the SPA. As the Court is denying Sierra's motion on procedural grounds, the Court takes no position on the propriety of the scope of tax returns requested.
[4] Patriot also argues that Rule 26 does not require the supplementation of Patriot's prior discovery responses. As the Court is denying Sierra's motion on procedural grounds, the Court takes no position on this argument.

supplemental declaration of M. Theresa Tolentino Meehan, Patriot argues more specifically that it has provided much of the information requested by Sierra in its motion to compel, that Sierra failed to meet and confer with respect to the consulting and employment agreements it seeks, and that Sierra does not explain what information in California tax returns is not available through the other financial documents provided by Patriot in discovery.  (Meehan Supp. Decl., ECF No. 262 at ¶¶ 2-8.)

## STANDARD

Local Rule 251, subsections (b) and (c), provides in relevant part:

> (b) Requirement of Conferring. Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.
>
> (c) Joint Statement re Discovery Disagreement. If the moving party is still dissatisfied after the conference of counsel, that party shall draft and file a document entitled "Joint Statement re Discovery Disagreement." All parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement, which shall specify with particularity the following matters: (1) The details of the conference or conferences; (2) A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and (3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.

The goal of these sections is to distill any discovery dispute between the parties that requires this Court to intervene.

## ANALYSIS

The Court finds that the parties have not complied with the Local Rule in bringing this motion to compel supplemental discovery.  For example, the Rule requires that the parties shall

3

1  specify with particularity the details of conferences of counsel.  However, the parties only provide
2  a cursory description in their joint statement.  (ECF No. 260 at 1:22-26 ("The parties have
3  discussed this dispute over the course of several months through multiple letters, emails and
4  telephone calls.  Counsel began discussing this matter in May, 2012, attempted to resolve this
5  dispute on a conference call which took place on January 10, 2013, and through correspondence
6  thereafter through March 8, 2013.").)  Nor do the parties' voluminous declarations attaching a
7  history of meet and confer emails and letters satisfy this requirement.  Similarly, Sierra appears to
8  be requesting several sets of documents, including operating budgets, to which Patriot responds
9  that Sierra has already received much of the information requested.  Sierra does not address this
10 contention.  This is insufficient particularity and contrary to the letter and spirit of the Local
11 Rules.
12       Furthermore, the parties fail to set forth the factual and legal bases of their dispute in the
13 joint statement.  For example, substantial portions of Sierra's argument are contained within the
14 declaration of Forrest Vickery, and substantial portions of Patriot's argument are contained within
15 the supplemental declaration of M. Theresa Meehan.  The Rule, however, does not contemplate
16 the parties will hide their true positions in the joint statement and then surprise the other parties
17 by placing their arguments in supporting declarations.  Rather the Rule requires that the parties
18 parse their arguments into a specific and detailed statement of the disputes in the joint statement.
19 Implicit in the Local Rule is that the parties, through preparation of the joint statement might
20 resolve their differences as they are forced to set forth their respective positions.
21       Patriot complains that Sierra is the offending party as it did not provide a copy of the
22 declaration of Forrest Vickery until the joint statement was filed with this Court.  This argument
23 is well taken.  Sierra's memorandum of points and authorities is mostly devoid of specific figures
24 and the specific documents that it requests.  Instead, Sierra requests an unredacted SPA and
25 "related documents" in the joint statement; Sierra only details the documents it seeks in the
26 Vickery Declaration.
27       Therefore, this Court finds that it is precluded from hearing the discovery dispute and
28 denies Sierra's motion to compel without prejudice.  E.D. CAL. L.R. 251(b) ("[A]ny motion to

exceed discovery limitations or motion for protective order, *shall not be heard* unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement.") (emphasis added).  The Court notes that this is not the first discovery motion brought long after the discovery cutoff has passed.  (*See* ECF Nos. 191, 192, 197, 201.)  Should Sierra decide to re-file its motion to compel, the Court expects strict compliance with the Local Rules and this Court's orders, including, but not limited to, particularity in the joint statement.[5]  Any party who fails to comply with the Local Rules or the orders of this Court shall be sanctioned in an appropriate amount to deter the inappropriate conduct.  *See* E.D. CAL. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* FED. R. CIV. P. 11, 16; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42–43 (1991); 28 U.S.C. § 1927.

For the foregoing reasons, Sierra's motion to compel and for sanctions is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated:          August 2, 2013

_____
Troy L. Nunley
United States District Judge

---

[5] For example, this Court would expect Sierra to address Patriot's contentions it has already provided information that Sierra is seeking in the unredacted SPA; that the common interest doctrine precludes Sierra's discovery of holdback amounts referenced in the SPA; that Sierra has never met and conferred with respect to the employment and/or compensation agreements requested; and that Sierra has not identified the specific document requests to which Patriot is required to supplement with the requested documents.