UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT RAIL CORP., | No. 2:09-cv-0009-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| SIERRA RAILROAD CO., | |
| Defendant. | |

AND RELATED COUNTERCLAIMS

    This matter is before the Court on an Ex Parte Application to Quash a Trial Subpoena filed by Patriot Rail Corp. ("Patriot"). (ECF No. 386.) Sierra Railroad Co. ("Sierra") has subpoenaed Warren Luhning to appear at trial and testify. By this application, Patriot seeks to quash the subpoena on Mr. Luhning because he was not listed on either party's witness list and because he does not meet the conditions for disclosing additional witnesses set forth in the Court's final pretrial order.

    Sierra opposes the ex parte application. (ECF No. 387.) Sierra argues that because Mr. Luhning is a potential "impeachment" witness, the Federal Rules of Civil Procedure permit his belated disclosure. Fed. R. Civ. P. 26(a)(3)(A) (requiring parties to disclose the identification of

witnesses "other than solely for impeachment").

The Court grants Patriot's ex parte application to quash.  Here, the Eastern District of California Local Rules, the Court's pretrial scheduling order, and the Court's final pretrial order require the parties to list potential witnesses in their pretrial statement.[1]  Local Rule 281(b)(10) requires that the parties list the names and addresses of all prospective witnesses, and expressly states that "[o]nly witnesses so listed will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order."  L.R. 281(b)(10).

Furthermore, this Court issued a pretrial scheduling order over four years ago that required the parties to list prospective witnesses.  (ECF No. 20 at 8–9 ("The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial. . . . <u>The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied</u>.") (emphasis added).)  The parties were also provided an opportunity to object to any portion of the Pretrial Scheduling Order.  (ECF No. 20 at 11.)  Although Sierra objected to other portions of the Pretrial Scheduling Order, it did not object to any portions touching upon the identification of witnesses.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me. 1985)).

Finally, Sierra makes no argument that it satisfies the conditions for designating witnesses not previously disclosed, which are set forth in the Court's final pretrial order.  (*See* ECF No. 384 at 12.)  Notably, the Court provided the parties 14 days to object to the order or request augmentation.  (ECF No. 384 at 15.)  Sierra did not file any such request.  In any event, nothing in Sierra's briefing indicates that its inability to subpoena Mr. Luhning would result in manifest

---

[1] Sierra concedes that Rule 26 can be modified by local rules or court order.  (ECF No. 387 at 1 n. 2.)

2

injustice.[2]

Accordingly, the Court orders:

1. Patriot's ex parte application to quash the subpoena of Warren Luhning (ECF No. 386) is GRANTED;

2. The subpoena to appear and testify at trial on Warren Luhning is QUASHED;

3. A protective order is ENTERED such that Mr. Luhning is not permitted to appear or testify at trial in this case unless Sierra can demonstrate he is needed as an impeachment witness, consistent with this ruling.

**IT IS SO ORDERED.**

Dated: February 27, 2014

Troy L. Nunley
United States District Judge

---

[2] Indeed, Sierra makes no argument that it recently discovered the identity of the witness or for other reasons could not designate the witness prior to the preconference statement.