1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

PATRIOT RAIL CORP.,

No.  2:09-cv-0009-TLN-AC

12

Plaintiff,

13

v.

**ORDER DENYING SIERRA'S MOTION FOR SANCTIONS (ECF NO. 528)**

14

SIERRA RAILROAD CO.,

15

Defendant.

16

AND RELATED COUNTERCLAIMS

17

18
        This matter is before the Court pursuant to Counter-Plaintiff Sierra Railroad Company's

19
("Sierra") motion for sanctions (ECF No. 528).  For the reasons stated below, Sierra's motion is

20
hereby DENIED.

21
        The Court has broad discretion to impose sanctions under two different, non-exclusive

22
legal bases: (1) 28 U.S.C. § 1927, which penalizes unreasonable and vexatious litigation tactics;

23
and (2) the Court's "inherent authority to impose sanctions for a broad range of willful improper

24
conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

25
        The Court is authorized under 28 U.S.C. § 1927 ("Section 1927") to require an attorney

26
"who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy

27
personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

28
conduct."  Section 1927 gives the Court authority to impose sanctions on the responsible

1

1    attorneys. *Id.*.

2          The Court may also exercise its inherent authority to order sanctions to penalize conduct

3    that abuses the judicial process.  The Court may exercise its inherent power independent of, or in

4    addition to, any available statutory scheme.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)

5    ("These other mechanisms, taken alone or together, are not substitutes for the inherent power, for

6    that power is both broader and narrower than other means of imposing sanctions."). The Court

7    may impose sanctions under its inherent authority if a party or counsel has demonstrated by clear

8    and convincing evidence to have "acted in bad faith, vexatiously, wantonly, or for oppressive

9    reasons." *Chambers*, 501 U.S. at 45 (internal quotations omitted).

10         Sierra is asking the Court to impose sanctions against Patriot and its counsel.  Sierra

11   asserts that during the punitive damages phase, Patriot and its counsel disregarded the truth and

12   the law, and directly violated their prior assurances to the Court and Sierra, by trying to

13   improperly keep key financial evidence from the jury, shielding Patriot's assets and unjustifiably

14   evading punitive damages.  (ECF No. 528 at 1.)  Sierra further contends that Patriot brought

15   frivolous motions to stop Sierra from presenting evidence of Patriot Rail Company LLC's net

16   worth because, they said, "Patriot Rail Company LLC was a separate legal entity from Patriot

17   Rail Corp., was not a party to this litigation, and subjecting it to punitive damages would violate

18   due process."  (ECF No. 528 at 1.)

19         The Court agrees that Patriot's legal stances throughout litigating this matter have been

20   attenuated at times and that some of the conduct has walked the fine line between vigorously

21   litigating this case and being vexatious. However, the Court declines to make a finding of bad

22   faith and thus DENIES Sierra's motion for sanctions (ECF No. 528).

23         IT IS SO ORDERED.

24

25   Dated:  August 5, 2015

26

27                                                   Troy L. Nunley
                                                     United States District Judge
28