UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT RAIL CORP., | No. 2:09-cv-0009 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| SIERRA RAILROAD COMPANY, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Counter-plaintiff Sierra Railroad Company has filed this motion to compel post-judgment discovery against counter-defendant Patriot Rail LLC (a/k/a Pacific Rail LLC). Although the discovery is propounded only to Patriot Rail LLC, it requests information about "Patriot Companies," which are defined as "Patriot Rail Holdings LLC," "Patriot Equity, LLC," and "Patriot Rail Corp.," as well as Patriot Rail LLC itself. See Joint Statement (ECF No. 704-2) at 4 (Interrogatories, ¶ 1(d)), 16 (Document Requests). This motion was referred to the undersigned by E.D. Cal. R. 302(c)(1).

## I. BACKGROUND

This litigation arises out of a dispute between Patriot Rail Corp. and Sierra Railroad Co. ("Sierra"). Sierra had a contract with McClellan Business Park. During the term of that contract,

1

Patriot Rail Corp. and Sierra entered into negotiations for Patriot to acquire Sierra. See ECF No. 298 at 2 (Order of July 15, 2013). During those negotiations, Sierra provided financial information to Patriot Rail Corp. However, McClellan then terminated its contract with Sierra and awarded the contract to Patriot instead. See ECF No. 472 at 2 (Order of April 25, 2014).

## II. PROCEDURAL HISTORY

### A. The Lawsuits

Sierra sued "Patriot Rail LLC" on March 14, 2008, alleging, among other things, misappropriation of trade secrets. Sierra RR Co. v. Patriot Rail LLC, 2:08-cv-0576 LEW DAD (E.D. Cal. Mar. 14, 2008). A few days later, on March 20, 2008, Sierra voluntarily dismissed that case, without prejudice.

"Patriot Rail Corp." then sued Sierra on December 31, 2008, alleging, among other things, breach of contract. ECF No. 3. On February 17, 2009, Sierra countersued against Patriot Rail LLC, Patriot Rail Corp. and Larry Coe, alleging, among other things, intentional interference with prospective economic advantage, misappropriation of trade secrets, and breach of a 2005 Non-Disclosure Agreement. ECF Nos. 12 (first Amended Counterclaim), 65 (repeated first Amended Counterclaim in answering First Amended Complaint). Sierra also named "Patriot Rail Holdings LLC" and "Patriot Equity LLC" as counter-defendants – these are two of the "Patriot Companies" Sierra now seeks information about – but did not serve them.

On March 15, 2013, four years after filing suit, Sierra filed a motion to serve Patriot Holdings LLC and Patriot Equity LLC. ECF No. 266. Judge Nunley denied Sierra's tardy motion to serve these defendants, and thereupon dismissed them, without prejudice. ECF No. 298.

Sierra's March 15, 2013 motion also sought to add three new counter-defendants, "Pacific Rail LLC," "Patriot Funding LLC" and "Pacific Rail Holdings LLC." ECF No. 266. Sierra argued that these new counter-defendants were needed because Patriot was using them in an effort to defeat any judgment Sierra might obtain. Judge Nunley denied this motion without prejudice, stating:

> Furthermore, there is no evidence to support Sierra's allegation that

> Patriot is diverting funds, which Patriot denied at oral argument. Moreover, both parties agreed at oral argument that any judgment enforcement issues could be addressed in post-trial discovery and/or motions, if necessary. See Fed. R. Civ. P. 69(a).

ECF No. 298 at 16. However, it was established that Patriot Rail LLC and Pacific Rail LLC are the same entity. Id. at 5 (citing ECF No. 274-2 at 3 ["Supplemental Response to Special Interrogatory No. 6]," disclosing the name change from Patriot Rail LLC to Pacific Rail LLC).

On July 22, 2013, Sierra filed its Second Amended Counterclaim against Patriot Rail LLC, Patriot Rail Corp. and Larry Coe. ECF No. 299. This counterclaim identified Patriot Rail Holdings LLC and Patriot Equity LLC, as "Nonpart[ies]."

B. The Trial

The trial began on March 10, 2014, on Patriot Rail Corp.'s First Amended Complaint (ECF No. 61), and Sierra's Second Amended Counterclaim (ECF No. 299). The claims against Coe were dismissed by stipulation. ECF No. 440.

On March 28, 2014 and May 1, 2014, the jury returned verdicts for Sierra and against Patriot Rail Corp. and Patriot Rail LLC. On October 31, 2014, Judge Nunley entered judgments in favor of Sierra (1) against Patriot Rail Corp. and Patriot Rail LLC, jointly and severally, for $22.282 million,[1] (2) against Patriot Rail Corp. for $16.2 million in punitive damages on Sierra's intentional interference claim, in accordance with the jury's verdict, (3) against Patriot Rail LLC for $1.2 million in punitive damages for Sierra's intentional interference claim, in accordance with the jury's verdict,[2] and (4) against Patriot Rail Corp., for $13 million in exemplary damages on Sierra's claim for misappropriation of trade secrets. ECF No. 532.

---

[1] On March 28, 2014, the jury's verdict was that Patriot Rail Corp. and Patriot Rail LLC had (1) misappropriated Sierra's trade secrets, (2) intentionally and negligently interfered with Sierra's prospective business advantage with McClellan Business Park and (3) breached the 2005 Non-Disclosure Agreement. ECF No. 447. The jury found that Sierra suffered $4.282 million of lost profits, and $18 million in lost business value, and that Patriot Rail Corp. and Patriot Rail LLC had been unjustly enriched by $14.681 million. Id.

[2] On May 1, 2014, the jury returned a verdict for Sierra on its intentional interference claim, in the amount of $16.2 million in punitive damages against Patriot Rail Corp., and $1.2 million in punitive damages against Patriot Rail LLC. ECF No. 482.

Accordingly, Patriot Rail LLC – the respondent here – was rendered liable, singly or jointly, for $23.482 million in judgments. However, as discussed below, as the result of at least $98 million in transfers and distributions it made during the course of the litigation, Patriot Rail LLC rendered itself judgment-proof, with only $1.3 million in remaining assets. Sierra has filed this motion to compel Patriot Rail LLC to produce information showing what happened to those assets.

C. Post-Trial

On July 6, 2015, Sierra filed a motion before Judge Nunley, seeking to amend the judgment to add the following as judgment debtors: Gary Marino, Patriot Rail Holdings LLC a/k/a Pacific Rail Holdings LLC ("Patriot Rail Holdings LLC"), and Patriot Equity LLC. Sierra asserts that Marino and Patriot Rail Holdings LLC diverted $115 million in assets from the counter-defendants to defeat Sierra's judgment. ECF Nos. 581, 692. That motion is pending.

On August 7, 2015, counter-defendant Patriot Rail LLC appealed the judgment. ECF No. 607 (amended ECF No. 654).[3] On September 2, 2015, counter-defendant Patriot Rail Corp. appealed the judgment. ECF No. 659 (amended ECF No. 661).

### III. THE DISCOVERY DISPUTE

On September 24, 2015, Sierra served 40 post-judgment document requests, and 25 post-judgment interrogatories, on Patriot Rail LLC. See ECF No. 704-4 at 3-36 (requests and amended objections and responses), 38-76 (requests and amended objections and responses).

Patriot generally objected that the requests and interrogatories: (1) do not relate to "the location of assets available [now] to satisfy the judgment;" (2) relate to the distribution of assets made "prior to the judgments at issue" and are therefore irrelevant; (3) relate to "separate corporate entities over which Pacific does not have, and has not had, control;" and (4) (the requests only) seek "irrelevant evidence as all liability for the litigation transferred to Patriot Rail

---

[3] No party has suggested that these appeals affect the ability of the court to address this post-judgment discovery motion, and the court notes that the appeal only divests the district court of jurisdiction "over the matters appealed." Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th Cir. 1991) (per curiam).

4

Company, LLC, at the time of the sale, as judicially admitted by Sierra in its arguments before the jury in the punitive damages phase."

## IV.  THE MOTION TO COMPEL

### A.  Meet and Confer

The parties met and conferred and did not reach agreement.

### B.  Motions To Seal

In connection with the motion to compel, both parties requested that certain exhibits be filed under seal.  Sierra moves to seal Exhibits J, L, P, Q and R to the Declaration of Stephanie Albrecht.  ECF No. 705.  Sierra asserts that there is good cause to seal the exhibits because they "have been designated as subject to the Protective Order [ECF Nos. 21, 190] in this case," and they contain "confidential business and proprietary information the parties and non-party proposed judgment debtors (Gary Marino, Patriot Rail Holdings LLC (n/k/a Pacific Rail Holdings LLC), and Patriot Equity LLC) desire to be protected from public disclosure."  ECF No. 705 at 3.

Patriot Rail LLC moves to seal Exhibits B and C to the Declaration of Mary-Olga Lovett.  ECF No. 707.  Patriot Rail LLC asserts that there is good cause to seal these documents because "they are documents produced with a 'Confidential' designation pursuant to the Protective Order on File in this action."  ECF No. 707 at 2.

#### 1.  Applicable standards

Requests to seal documents in this district are governed by E.D. Cal. R. ("Local Rule") 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  Local Rule 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the *statutory or other authority for sealing . . . .*"  See SEC v. Crumbley, 2:16-mc-00013 KJM AC, ECF No. 3 (E.D. Cal. Feb. 4, 2016) (Mueller, J.) (emphasis in text).

The court starts "'with a strong presumption in favor of access to court records.'"  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State

////

5

1  Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).[4]  "The presumption of access is
2  'based on the need for federal courts, although independent – indeed, particularly because they
3  are independent – to have a measure of accountability and for the public to have confidence in the
4  administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d
5  Cir.1995)).

6      A request to seal material must normally meet the high threshold of showing that
7  "compelling reasons" support secrecy.  Id. (citing Kamakana v. City and County of Honolulu,
8  447 F.3d 1172, 1178 (9th Cir. 2006)).  However, where the material is, at most, "tangentially
9  related to the merits of a case," the request to seal may be granted on a showing of "good cause."
10  Id. at 1097-1101.

11      Here, the parties ask to seal documents related to Sierra's efforts to enforce the judgment.
12  The merits of the case have already been resolved by the jury and the court's entry of judgment.
13  Thus, the discovery sought appears to be only tangentially related to the merits, and therefore, the
14  "good cause" standard applies.

15      2. Analysis

16      All the documents *Sierra* requests be sealed are *Patriot* documents.  However, Patriot Rail
17  LLC has not joined in the request to seal the documents, nor has it objected to Sierra's *public*
18  disclosure of the contents of those exhibits.  See, e.g., Joint Statement at 4 (disclosing contents of
19  Exh. J, including the $171 million valuation of Patriot Rail LLC), 8 (disclosing contents of
20  Exh. L, the 2012 Stock Purchase Agreement, including the $20 million litigation escrow account).
21  Conversely, both documents *Patriot Rail LLC* requests be sealed are *Sierra* documents.  Sierra
22  has not joined in the request to seal those documents, nor has it objected to Patriot Rail LLC's
23  *public* disclosure of the contents of those exhibits.  See, e.g., Joint Statement at 12 (disclosing
24  contents of Exh. B, the Stay Agreement, including the $15 million loan made in consideration for
25  not enforcing the judgment against Patriot Rail LLC), 12-13 (disclosing contents of Exh. C, the

---

[4] The exception is for those materials, such as grand jury materials, "which have 'traditionally been kept secret for important policy reasons.'" Foltz, 331 F.3d at 1134 (quoting Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989)).

6

Loan Agreement, including the no-payment agreement lasting three years after conclusion of the litigation).

Unsurprisingly, neither side convincingly argues that the other side's documents should be sealed, even under the "good cause" standard. Neither side has cited any authority for sealing the subject exhibits.[5] "It is not the court's duty to provide statutory or other controlling authority and analysis to explain why a party requesting to seal a document can overcome the 'strong presumption' of public's access to the court record." Crumbley, ECF No. 3 at 2. The requests to seal documents will therefore be denied. Since none of the exhibits for which sealing was requested are a part of the public record (they were submitted by email to Chambers), the court will not consider them in deciding this motion.

## V.  ANALYSIS

Federal Rule of Civil Procedure 69 provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The discovery contemplated by Rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings." Danning v. Lavine, 572 F.2d 1386, 1390 (9th Cir. 1978). One purpose of such special discovery is "to identify assets that can be used to satisfy a judgment." 1ST Tech., LLC v. Rational Enters. Ltd., 2007 WL 5596692 at *4, 2007 U.S. Dist. LEXIS 98051 at *11 (D. Nev. 2007) (internal quotation marks omitted). Another purpose is "to discover concealed or fraudulently transferred assets." Fid. Nat'l Fin., Inc. v. Friedman, 2007 WL 446134 at *2, 2007 U.S. Dist. LEXIS 9189 at *8 (D. Ariz. 2007) (internal quotation marks omitted).

Generally, the scope of post-judgment discovery is broad. "[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." 1ST Technology, 2007 WL 5596692 at *4, 2007 U.S. Dist. LEXIS 98051

---

[5] The cited Protective Order makes no reference to sealing documents, and Local Rule 141 only provides the procedure for sealing, not the authority.

7

at *11 (internal quotation marks omitted).

### A. Unduly burdensome

Patriot argues that the burden or expense of Sierra's requested discovery outweighs its likely benefit. Joint Statement at 25 (citing former Fed. R. Civ. P. 26(b)(2)(C)(iii), now codified at Rule 26(b)(1)). However, it offers no explanation for why such discovery would be burdensome or expensive, nor why any burden or expense outweighs the likely benefit. The latter is the critical question. Moreover, nothing on the face of the discovery shows that it is unwarranted. Sierra seeks information about the financial status of Patriot Rail LLC, which, as discussed below, at some point *during the litigation* suffered loss or transfer of its assets of at least $98.8 million, leaving it valued at only $1.3 million, and rendering it judgment-proof, according to evidence identified by Sierra.

Patriot argues that Sierra can get its judgment paid by Patriot Rail LLC's co-defendant, Patriot Rail Corp. However, it offers no authority for the proposition that Sierra, the judgment creditor, can enforce its judgment only against Patriot Rail Corp., even though both defendants are jointly and severally liable for the $22.282 million in judgments in favor of Sierra. To the contrary, "joint and several" liability should permit Sierra to choose which of the liable defendants to pursue in enforcing its judgment. Cf., J & J Sports Prods., Inc. v. Barksdale, 2012 WL 1353903 at *3, 2012 U.S. Dist. LEXIS 52583 at *8 (E.D. Cal.) (Delaney, M.J.) ("[a]s each tortfeasor is jointly and severally liable, plaintiff can essentially pick and choose whom to sue"), adopted, 2012 WL 2376284 (2012). This objection will be overruled.

### B. Asset transfers from Patriot Rail LLC

Patriot Rail LLC objects to discovery of asset transfers between Patriot Companies. ECF No. 704 at 26-30.

#### 1. Non-party discovery

Patriot Rail LLC argues that discovery cannot be had regarding non-parties unless Sierra has made a sufficient showing of "fraudulent conveyance or *alter ego*." ECF No. 704 at 27. However, the cases Patriot Rail LLC cites in support of this proposition involve discovery or enforcement efforts directed to non-parties, which is not what is sought here. See Magnaleasing,

Inc. v. Staten Island Mall, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) ("[d]iscovery has been permitted against a non-party where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them"); Strick Corp. v. Thai Teak Products Co., 493 F. Supp. 1210 (E.D. Pa. 1980) (addressing ability to enforce judgment against a non-party under Pennsylvania law); Rock Bay, LLC v. Dist. Ct., 129 Nev. Adv. Op. 21, 298 P.3d 441 (2013) (addressing discovery of non-party's assets under Nevada law); Caisson Corp. v. Cty. W. Bldg. Corp., 62 F.R.D. 331, 333 (E.D. Pa. 1974) (addressing discovery from non-party); Burak v. Scott, 29 F. Supp. 775 (D.D.C. 1939) (addressing deposition subpoenas served on non-parties); Costomar Shipping Co. v. Kim-Sail, Ltd., 1995 WL 736907 at *1, 1995 U.S. Dist. LEXIS 18430 at *1 (S.D.N.Y. 1995) (plaintiff "seeks to compel non-party . . . to produce for inspection certain documents identified in a subpoena").[6]

Since there is no non-party discovery at issue here, this objection is overruled.

2. Asset transfers

Presumably, Patriot Rail LLC means to argue that Sierra is not entitled to discovery of Patriot Rail LLC's *own* documents regarding the distribution of its assets to others, because Sierra has made no showing of any reasonable doubt as to the bona fides of the distributions. That is not correct. Sierra offers the deposition testimony of Bennett Marks, who was "Patriot Rail LLC's CFO and designated financial condition witness." ECF No. 522 at 11-21 (TLN Order 10-23-2014).[7] According to Marks' testimony, Patriot Rail LLC has an 87.5% "investment in Patriot Rail Holdings LLC." ECF No. 704-5 at 7 (Albrecht Decl., Exh. H). In turn, non-party Patriot Rail Holdings LLC made $80 million in "distributions" during its 2012 tax year, which lowered the value of defendant Patriot Rail LLC by that same $80 million. ECF No. 704-4 at 91 (Albrecht Decl., Exh. G). Patriot Rail Holdings LLC separately made another $18.8 million distribution of

---

[6] Accordingly, Patriot Rail LLC's lengthy discursions into the law of fraudulent conveyance and *alter ego* liability are red-herrings. See ECF No. 704 at 27-30.

[7] Judge Nunley excluded this testimony from his consideration of Patriot Rail LLC's ability to pay a punitive damages award. ECF No. 522 at 11-12. No party has argued that this testimony should be excluded from consideration on this motion, and so the court does not exclude it.

its assets, lowering Patriot Rail LLC's value by the same $18.8 million. Id. at 94-95.

The total judgment against Patriot Rail LLC is for $23.482 million. However, Sierra identifies evidence that at the time of the trial, the value of Patriot Rail LLC was only $1.3 million. See Joint Statement at 4 (citing ECF No. 704-5 at 59 (trial testimony of "Mr. Weed")). Thus, Sierra's evidence shows that defendant Patriot Rail LLC transferred $98 million in assets out of Patriot Rail Holdings LLC, *during the pendency of this lawsuit*, thus lowering its own valuation by $98 million, and rendering it judgment-proof. This conduct is sufficient to allow Sierra to find out more about those transfers. This evidence is more than the "bare allegations" Patriot Rail LLC argues is insufficient to warrant discovery.

    C. The location of assets available [now] to satisfy the judgment

Patriot objects to allowing discovery to go back to March 14, 2008, the date the first lawsuit commenced, as unduly burdensome or harassing. ECF No. 704 at 30-31. It offers no explanation for why this would be unduly burdensome or harassing. It cites no case that prohibits Rule 69 discovery from going back to the date the litigation commenced, nor does it offer any other more sensible way of determining how far back discovery should go. Instead, it simply argues that the two cases Sierra relies upon do not "address time frames or factual circumstances comparable to what Sierra seeks here." ECF No. 704 at 30.

Both of the two cases discussed by both parties allowed discovery all the way back to the date litigation commenced. See Ryan Inv. Corp. v. Pedregal De Cabo San Lucas, 2009 WL 5114077 at *2, 2009 U.S. Dist. LEXIS 118337 at *7 (N.D. Cal. 2009) ("[P]laintiff commenced this case in April 2006. The time period from 2006 to the present is a reasonable time period for the scope of Rule 69 discovery. This type of discovery is designed specifically to aid in the enforcement of the court's judgment, and, as noted above, its scope is necessarily very broad."); United States v. Warren, 2011 WL 3319877 at *6, 2011 U.S. Dist. LEXIS 83314 at *14 (E.D. Cal. 2011) (Moulds, M.J.) ("[T]he court notes that litigation in this case commenced on April 23, 1999. Thus, the time period from 1999 to the present is a reasonable time period for the scope of Rule 69 discovery. This type of discovery is designed specifically to aid in the enforcement of the court's judgment, and, as noted above, its scope is necessarily very broad").

Patriot Rail LLC says it has no problem allowing discovery going back three years, and cites Ryan for the proposition that 3 years is reasonable. ECF No. 704 at 30 ("Pacific would concur that three years would be a reasonable time period for Rule 69 post judgment discovery in this case . . ."). However, Ryan allowed discovery of the 3 year period because that took the parties back to the date the litigation commenced, not because 3 years was independently reasonable. Patriot Rail LLC further argues that Warren is distinguishable because the judgment creditor tried to collect the judgment starting the year after that lawsuit commenced. However, the court's decision did not rest upon how long the judgment creditor tried to collect, but rather on the fact that "litigation in this case commenced on April 23, 1999," and "[t]hus, the time period from 1999 to the present is a reasonable time period for the scope of Rule 69 discovery."

Here, Sierra alleges that the events leading to this litigation occurred in 2007. It initially filed suit in 2008, and then filed a counter-suit in 2009. Sierra's discovery requests ask for information about assets and asset transfers occurring during the litigation – that is, from March 14, 2008 (the date of Sierra's initial lawsuit) to the present – that rendered Pacific Rail LLC judgment-proof. On its face, therefore, discovery going back to the beginning of the litigation is warranted.

Having thus offered no reasoning, authority, nor reasoned alternative for how far back to permit discovery, Patriot Rail LLC's objections to discovery extending back to 2008 will be overruled.

D. Information already provided by third parties

Patriot Rail LLC argues that Sierra is requesting documents and interrogatory answers that have already been provided by third parties. ECF No. 704 at 31. It argues that the requests are therefore just harassment, or are intended to create an argument that Patriot Rail LLC has control over those third-parties.

Sierra states that does not require "the production of any documents that were previously produced by other Patriot companies." ECF No. 704 at 21 n.5. Accordingly, to the degree Sierra has already obtained requested documents from other Patriot Companies, the motion to compel their production from Patriot Rail LLC will be denied.

11

E. Control of non-party information

1. Document requests

In response to individual document requests, and at oral argument, Patriot Rail LLC argued that it was improper for Sierra to try to compel it to produce documents in the possession of third parties, namely, non-parties Patriot Rail Holdings LLC, Patriot Rail Equity LLC and co-counter-defendant Patriot Rail Corp. Sierra argues that a party may be ordered to produce documents of another entity if it has a "legal right" to obtain the other entity's document, or has "control over the entity who is in possession of the document." ECF No. 704 at 21 (citing Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995)).

Sierra is correct that it may request the production of documents that are in another party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); Williams v. Prosper, 2008 WL 2168891 at *3, 2008 U.S. Dist. LEXIS 49161 at *7 (E.D. Cal.) (Mueller, M.J.), aff'd, 2008 WL 2421649 (2008) (Damrell, J.). However:

> Control is defined as the legal right to obtain documents upon demand. The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control.

United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citations omitted). Sierra has not shown that Patriot Rail LLC has the legal right to obtain documents from other Patriot Companies upon demand.

Sierra has presented evidence that the Patriot Companies were all somehow involved with each other. For example, Gary Marino is the President, CEO and Chairman of Pacific Rail Holdings and Patriot Rail LLC (a/k/a Pacific Rail LL). ECF No. 704-5 at 15 (Marino Depo. 12-9-2015). Patriot Rail Holdings and Patriot Rail LLC share the same address. ECF No. 704-5 at 23 (Marino Depo. 12-9-2015). Patriot Equity LLC is "domiciled" in Marino's home. Id. Some Patriot Companies shared file cabinet space. See Belfour Depo at 30-31 (Patriot Rail LLC and Patriot Rail Holdings LLC shared office space and file cabinets). Sierra has even produced evidence that Patriot Rail LLC owns 87.5% of Patriot Rail Holdings LLC. See ECF No. 704-5 at 7 (Albrecht Decl., Exh. H) (testimony that Patriot Rail LLC has an 87.5% "investment in Patriot Rail Holdings LLC").

However, Sierra cites no authority for the proposition that by sharing an address or an office or cabinet space, Patriot Rail LLC is clothed with the legal right to obtain documents from Patriot Rail Holdings LLC or Patriot Equity LLC. Even Patriot Rail LLC's ownership of 87.5% of Patriot Rail Holdings LLC does not, by itself, establish that Patriot Rail LLC has the legal right to demand and receive documents from Patriot Rail Holdings LLC. Sierra has not, for example, shown that this level of investment makes Patriot Rail Holdings LLC a "wholly owned subsidiary" of Patriot Rail LLC, which relationship might give Patriot Rail LLC the legal right to compel its subsidiary to produce documents. See Petroleum & Indus. Workers, 870 F.2d at 1452 ("[a] corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls").[8] Sierra's attempts to show, factually, that Patriot Rail has control over these documents, are unconvincing.[9]

Sierra's motion to compel Patriot Rail LLC to produce documents in the possession of other Patriot Companies will therefore be denied.

2. Interrogatories

Patriot interposes the same "control" argument to the interrogatories. However, the objection is inapplicable to interrogatories that ask for Patriot Rail LLC to provide information *it* has, whether about its own affairs, or about the affairs of others. Patriot Rail LLC offers no explanation of how it would not be in control of information it has. Of course, if that information

---

[8] Sierra identifies testimony from Bennet Marks that refers to Patriot Rail Holdings LLC as the "wholly owned subsidiary" of Patriot Rail LLC. See ECF No. 704-4. This comment does not resolve the legal question of whether such a relationship exists.

[9] Sierra asserts that Patriot Rail LLC has "rights" by virtue of "management agreement(s)," ECF No. 704 at 21, but none of Sierra's cited references says anything about any management agreement. It asserts that Patriot Rail LLC and Patriot Rail Holdings LLC are part of the "'same family of companies' and shared key personnel." Id. In support, Sierra cites Japan Halon Co. v. Great Lakes Chem. Corp., 155 F.R.D. 626, 627 (N.D. Ind. 1993) (finding that a close business relationship constituted "control" of documents held by non-party). At deposition, Gary Marino does refer to "the same family of companies," but he doesn't say which companies he is referring to. ECF No. 704-5 at 89. The only companies mentioned in the interchange are Patriot Rail Corp. and Patriot Equity. Assuming Japan Halon correctly states the law, Sierra's single bit of deposition testimony is not sufficient to show the "close coordination" between the companies that Japan Halon relied upon to establish control. Sierra points out that Patriot Rail LLC produced documents "that belonged to" Patriot Rail Holdings LLC. ECF No. 704 at 21. But there is no evidence that Patriot Rail LLC obtained these documents *by right* from Patriot Rail Holdings LLC. The mere fact that Patriot Rail LLC has them proves nothing.

is subject to a privilege or other protection, Patriot Rail LLC is free to assert that privilege, accompanied by a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A).

This objection is overruled.[10]

F. <u>Privilege log</u>

Patriot Rail LLC seemed to argue at the hearing that it would be too burdensome to require it to produce a privilege log. This objection is overruled to the degree it relates to relevant documents or information within Patriot Rail LLC's possession, custody or control.

G. <u>Individual Reponses</u>[11]

Patriot Rail LLC's individual Contentions incorporate one or more of the objections which the court is overruling, as discussed above. Accordingly, to the degree these objections form the basis for Patriot Rail LLC to decline to answer an interrogatory, limit the answer to an interrogatory, or decline to produce a requested document or privilege log, it will be ordered to answer or produce the requested information.

Some of Sierra's document requests and some of its interrogatories ask for information dating back to the "inception" of any Patriot company. The relevance of such information is not apparent from the face of the discovery request, and the Sierra has not offered any explanation for it. Accordingly, the motion to compel will be denied to the degree it seeks information pre-dating March 14, 2008, the date Sierra first sued over this matter.

Several of Patriot Rail LLC's objections are based upon lack of "relevance." Sierra has refuted the objection as it relates to documents detailing asset transfers to other Patriot Companies. The relevance of other requests is apparent from their face. For example, Sierra requests information about the executive compensation paid out to Patriot Company executives. On its face, such discovery seeks to learn what happened the assets of Patriot Rail LLC, and Patriot Rail LLC has not explained why it is not relevant or why it is too burdensome.

---

[10] Patriot Rail LLC also offers an objection seemingly based upon its assertion that liability was transferred from Patriot Rail Corp. to Patriot Rail Company, LLC. The court does not understand the objection, and Patriot Rail LLC does not argue it in its Contentions. It is OVERRULED.

[11] As best the court can tell, Sierra does not seek to compel responses to Interrogatories 3, 4, 7, 10, 12-14, 18, 19, 24 and 25, nor to Document Requests 7, 15 and 16.

However, Sierra has not addressed the relevance concern of other requests for which the relevance is not apparent on its face.  Accordingly, the motion to compel answers to Interrogatories 8 and 9, regarding which law firms represented Patriot Companies, will be denied.

## VI.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Sierra's Motion To Compel (ECF No. 688) is decided as follows:

1. Sierra's Request To Seal Documents (ECF No. 705) is DENIED.

2. Patriot Rail LLC's (a/k/a Pacific Rail LLC) Request To Seal Exhibits (ECF No. 707) is DENIED.

3. Patriot Rail LLC's objection that the discovery or privilege logs sought are unduly burdensome is OVERRULED.

4. Patriot Rail LLC's objections to third-party discovery are OVERRULED, inasmuch as there is no such discovery requested.

5. Patriot Rail LLC's relevancy objections to discovery of asset transfers among Patriot Companies, are OVERRULED.

6. Patriot Rail LLC's objections to discovery going back to March 14, 2008 (on grounds of relevancy, burdensomeness or otherwise), are OVERRULED.

7. Patriot Rail LLC's "control" objections to *interrogatories* seeking information it possesses, are OVERRULED.

8. Sierra's Motion To Compel documents not in the possession of Patriot Rail LLC is DENIED without prejudice to a showing that Patriot Rail LLC has legal control over the documents.

9. Sierra's Motion To Compel answers to Interrogatories 8 and 9, is DENIED.

10. Sierra's Motion To Compel information already provided by third parties is DENIED.

11. Sierra's Motion To Compel information pre-dating March 14, 2008 is DENIED.

////

////

12.  Other than as denied or limited above, Sierra's Motion To Compel is GRANTED.

DATED: February 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE