UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT RAIL CORP., | No. 2:09-cv-0009 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| SIERRA RAILROAD CO., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Non-parties Gary O. Marino, Patriot Equity LLC and Patriot Rail Holdings LLC move to compel discovery from counter-plaintiff Sierra Railroad Co. ("Sierra") and from counter-defendant Patriot Rail Corp. (a/k/a Patriot Rail Co. LLC). ECF Nos. 696, 697. The motions have been referred to the undersigned by E.D. Cal. R. 302(c)(1). For the reasons set forth below, the motions will be denied.

I.  BACKGROUND

After trial in the above-captioned matter, counter-plaintiff Sierra won a jury verdict against counter-defendants Patriot Rail Corp. and Patriot Rail LLC (a/k/a Pacific Rail LLC). On October 31, 2014, Hon. Troy L. Nunley, the district judge presiding over this case, entered judgments in favor of Sierra (1) against Patriot Rail Corp. and Patriot Rail LLC, jointly and

1

severally, for $22.282 million, (2) against Patriot Rail Corp., separately, for punitive damages totaling $29.2 million, and (3) against Patriot Rail LLC, separately, for punitive damages of $1.2 million. ECF No. 532.

During the course of the litigation, Patriot Rail LLC rendered itself judgment-proof through a series of transfers and distributions. Sierra then sought post-judgment discovery, under Fed. R. Civ. P. 69(a)(2). See ECF No. 730 (order addressing Sierra's motion to compel post-judgment discovery). Sierra also filed a motion before Judge Nunley to amend the judgment to add the non-party affiliated companies as judgment debtors. ECF No. 692. That motion is pending.

## II. THE DISCOVERY DISPUTE

The affiliated companies, who are non-parties, served discovery requests on (1) the judgment creditor, Sierra, and (2) one of the judgment debtors, Patriot Rail Corp. The non-parties say they need this discovery "to defend themselves against the motion" to add them as judgment debtors. Not satisfied with the documents and deposition testimony they have obtained, non-parties have now filed these motions to compel the requested discovery.

Sierra and Patriot Rail Corp. argue that the non-parties have no legal basis for taking discovery or moving to compel its production. In addition, they assert that the non-parties are improperly seeking information about the on-going negotiations between Sierra, Patriot Rail Corp. and a company called SteelRiver Infrastructure Partners.

## III. THE MOTION TO COMPEL

A. Preliminaries

   1. Meet and confer

The litigants met and conferred and did not reach agreement.

   2. Motions to seal

      a. Documents already authorized to be filed under seal

The litigants have filed Joint Requests to Seal Documents. ECF Nos. 737, 742. Included in the requests are the deposition excerpts of Christopher Kinney, Jennifer Whiteman and Michael Hart, the transcript of the October 8, 2015 court hearing before Judge Nunley (both an

1  excerpt and the entire transcript), and the Loan and Stay Agreement. According to the litigants,
2  Judge Nunley has already granted their motions to file those documents under seal in his order
3  (ECF No. 731) dated February 9, 2016. ECF Nos. 737 at 3, 742 at 3. Accordingly, the current
4  motions to seal those documents are DENIED as moot, since the litigants already have the
5  authority to file these documents under seal, and may accordingly do so in connection with this
6  motion.

7                           b.  <u>Declaration of John P. Kern</u>

8  In addition, non-parties request permission to file under seal the February 10, 2016
9  declaration of John P. Kern (Holland & Knight LLP), in support of the motion to compel
10 discovery from Sierra.[1] This declaration includes mostly non-confidential information, and much
11 of which, in any event, Kern disclosed in his declaration in the Patriot Rail Corp. motion, publicly
12 filed at ECF No. 735 with no redactions. Paragraphs 1-27, 29, 33, 40, 43 and 44 of the "Under
13 Seal" Kern Declaration contain publicly disclosed, or at any rate not confidential, information
14 about the declarant and the discovery dispute itself ("I am a partner with Holland & Knight,"
15 Sierra "filed a motion to amend," public rulings by Judge Nunley, timing of discovery requests,
16 meet and confer activities, what objections were interposed, etc.), and there appears to be no
17 confidential or financial information in those paragraphs. In fact, much of it appears to be
18 included in the publicly filed Joint Statement.

19 The Declaration does disclose some of the sealed Hart deposition testimony, at
20 Paragraphs 28, 34-39 and 42, and the contents of the sealed Loan & Stay agreement, at ¶ 41.
21 However, the Joint Statement itself publicly disclosed at least some of the contents of Hart's
22 testimony. <u>See</u> Joint Statement (ECF No. 739) at 14-15 (Hart is CEO, President and Chairman of
23 Sierra; "Mr. Hart testified that there were three in-person meetings between Sierra and Patriot
24 Rail Company;" "Mr. Hart also testified that, in addition to the conversations and in person
25 meetings with SteelRiver, there were roughly a hundred emails between Sierra and SteelRiver.").
26
27 [1] Non-parties do not ask to seal the Kern declaration (ECF No. 735), that was offered in support of the motion to compel discovery from Patriot Rail Corp.
28

In addition, the publicly filed Declaration of Michael Weed (ECF No. 741) disclosed the contents of the Loan & Stay Agreement. See Weed Decl. ¶ 3 ("Sierra voluntarily provided Non-Parties the information that they said they needed – the terms of the loan and stay agreement between Sierra and SteelRiver, the ultimate parent company of judgment debtor Patriot Rail Company LLC. Specifically, Sierra provided the documents and testimony that fully explained that, in exchange for a $15 million loan from SteelRiver that must be repaid and is not a partial or whole satisfaction of the judgment, Sierra agreed not to execute the judgment against Patriot Rail Company LLC until the end of all appeals or three years, whichever is later, or the loan is paid back.")

Thus, the only arguably confidential information in the Kern declaration is publicly disclosed elsewhere, in whole or in part. Non-parties do not identify which part of the declaration still needs to be filed under seal, in light of its non-confidential nature or the public disclosure of most of it, and which do not. Accordingly, the motion to file the Kern declaration under seal is DENIED.

### B. Arguments

Sierra and Patriot Rail Corp. argue that non-parties have no legal right to conduct or compel discovery, since pretrial and post-judgment discovery is available only to parties. ECF No. 734 at 20-21, 739 at 24. Non-parties do not argue the point, and it appears to be correct.

Discovery is governed by Fed. R. Civ. P. ("Rules") 26-37 (discovery), 45 (subpoenas), 69(a)(2) (post-judgment discovery). Although the Rules permit discovery *from* "persons" as well as parties, and permit "persons" to seek *protection* from discovery, they provide for discovery only *by* parties (including judgment creditors). Rule 26(a) (initial, expert and pretrial disclosures between parties), 26(b) (scope of discovery that "[p]arties may obtain"), 26(d-f) (timing, supplementation and conferences of discovery by the parties), 30-31 (a party may take an oral or written deposition), 33 (a party may serve interrogatories), 34 (a party may serve document requests), 35 (a party may move for physical or mental examination), 36 (a party may serve requests for admission), 37 ("a party may move for an order compelling disclosure or discovery"), 45 ("[t]he clerk must issue a subpoena . . . to a party who requests it"); 69(a)(2) ("the

4

judgment creditor . . . may obtain discovery").

Non-parties argue instead that (1) the district judge presiding over this case authorized them to conduct this discovery at a hearing on October 8, 2015, and (2) they have a "due process" right to conduct discovery so that they can defend themselves against the motion to add them as judgment debtors.  ECF Nos. 734 at 14-15, 739 at 16-17.

## IV.  ANALYSIS

### A.  District Judge Authorization

On October 8, 2015, Judge Nunley held a hearing on, among other things, Sierra's motion to amend the judgment to add the non-parties as judgment debtors.  ECF No. 672.  Non-parties argue that during the hearing, the district judge authorized the non-parties to conduct discovery on the motion to amend.  The undersigned can find nothing in the transcript indicating that non-parties sought leave to conduct discovery, or that such leave was granted.  The cited transcript shows that, far from requesting leave to do so, counsel for the non-parties simply stated that "both parties" would be conducting discovery, even thought the conversation in which this statement was interjected was about briefing schedules, not discovery.

In short, at the October 8, 2015 hearing, non-parties cited no provision for non-party discovery in the Federal Rules of Civil Procedure, they cited no other authority in support of it to the district judge, and they did not requested an order from the district judge authorizing non-party discovery.  In light of these facts, the undersigned finds no basis for concluding that the district judge authorized the non-parties to conduct discovery or to file a motion to compel it.

### B.  Due Process

At the hearing on this motion, non-parties repeat the argument they make in their Joint Statements that they have a Due Process right to conduct discovery.  They also re-asserted their claim that Ninth Circuit cases confirm the broad authority of the district court to authorize non-party discovery.  However, although non-parties cite four Ninth Circuit and four district court cases in support of these arguments, not a single one says anything about discovery conducted by

////

////

non-parties, or any Due Process right of non-parties to conduct discovery.[2] See Goolsby v. Raney, 483 F. App'x 326, 329 (9th Cir. 2012) (per curiam) (unpublished) (regarding defendants' motion to quash discovery propounded by *plaintiff*); Computer Task Grp., Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004) (per curiam) (regarding defendant's failure to provide discovery requested by *plaintiff*);[3] Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1482 (9th Cir.) (regarding *defendant's* post-judgment discovery requests), cert. dismissed, 506 U.S. 948 (1992); Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (regarding terminating sanctions for failure to comply with discovery requests propounded by *plaintiffs*); Avila v. Cate, 2014 WL 508551 at *1, 2014 U.S. Dist. LEXIS 15045 at *3-4 (E.D. Cal. 2014) (regarding subpoena served by *plaintiff*, and directed *to* non-parties)); Walker v. Fresno Police Dep't, 2011 WL 3584765 at *2, 2011 U.S. Dist. LEXIS 89819 at *3-4 (E.D. Cal. 2011) (regarding *defendant's* motion to compel); Echostar Satellite L.L.C. v. Viewtech, Inc., 2010 WL 653186 at *1, 2010 U.S. Dist. LEXIS 22142 at *1 (E.D. Cal. 2010) (regarding *plaintiff's* use of a subpoena to command document production *from* a non-party); Wilson v. Conair Corp., 2015 WL 4910544 at *2, 2015 U.S. Dist. LEXIS 109030 at *5-6 (E.D. Cal. 2015) (regarding *plaintiff's* motion to compel).

If there is authority for the proposition that non-parties can conduct discovery and obtain orders compelling it, non-parties here have failed to cite it. The court's own research turned up nothing. If, as it appears, the non-parties have a concern with the discovery rules – which provide for discovery *from* non-parties, but not discovery *by* non-parties – they will have to make a much

---

[2] The Federal Rules of Civil Procedure are clear that discovery may be had *from* non-parties, through the use of subpoenas. See Fed. R. Civ. P. 45.

[3] Non-parties argue: "When, as in this case, the district court has expressly permitted discovery by Non-Parties, a 'failure to provide discovery is particularly inexcusable.' Computer Task Grp., Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004)." ECF No. 734 at 14. This argument misleadingly implies that this Ninth Circuit case addresses the failure to provide discovery even though "the district court has expressly permitted discovery by Non-Parties." See ECF No. 734 at 14 lines 10-12. In fact, this case has nothing to do with "discovery by Non-Parties." The Ninth Circuit's statement, which non-parties partially quote, has nothing to do with non-parties. Rather, as noted in the text, the quoted language addressed defendant's failure to provide discovery requested by *plaintiff*.

stronger argument than they have, since they are essentially asking the court to declare that those rules are in violation of the Due Process Clause.[4]

### C. Scope of Discovery

Even if the non-parties were entitled to discovery, they have thus far failed to show that the discovery they seek has anything to do with the motion to amend the judgment – the sole basis they assert as the reason they need the discovery. Non-parties assert that they need this discovery in order "to defend themselves against the motion" by Sierra to add them as non-party judgment debtors. ECF No. 734 at 4, 739 at 2.

The motion to amend, in turn, asserts that the non-parties (1) depleted Patriot Rail LLC's assets during the pendency of the litigation, (2) depleted an escrow fund that was earmarked to pay the judgment, (3) were alter egos of Patriot Rail LLC and Patriot Rail Corp. before their June 2012 sale, and (4) controlled the underlying litigation. ECF No. 692 at 2. However, non-parties do not even argue that their requested discovery is related to any of these grounds.

Instead, non-parties argue that it would be "inequitable" to add them as judgment debtors because (1) the judgment is not otherwise uncollectible, and (2) the uncollectability of the judgment is not the result of an inequity. ECF No. 739 at 4. In support, they string-cite eight cases, none with jump-cites or explanatory parentheticals, which they claim stand for the proposition that:

> In all cases applying § 187 or the inherent power of federal courts, the preconditions for the proper use of the power to amend a judgment, where used as a "procedure on execution," are: First, that the judgment would otherwise be uncollectible; and, Second, that the uncollectability of the judgment is the result of an inequity.

---

[4] In any event, non-parties have ample process available to them in this situation, but they have failed to avail themselves of it. The court notes that non-parties have not moved to intervene, which, if granted, could give them grounds to request discovery. Cf. Phillips v. Goodyear Tire & Rubber Co., 2008 WL 755913 at *2, 2008 U.S. Dist. LEXIS 21478 at *6 (S.D. Cal. 2008) (non-party "filed a Motion to Intervene in this case for the limited purpose of asking the Court to modify the stipulated Protective Order so his clients could conduct discovery "). Nor have they sought an evidentiary hearing on Sierra's motion to amend the judgment, which could provide an opportunity for development of the facts they seek to discover. As discussed in the text, non-parties here seek discovery that appears to be un-related to the issues involved in the motion to amend.

ECF No. 739 at 4 (emphases in text); Kern Decl. (ECF No. 735) ¶ 32 ("For the Court to amend the judgment Sierra must establish that its judgment is uncollectable").  Non-parties repeated this argument at oral argument on the motions.

However, while all the non-parties' cited cases establish that it is appropriate to amend the judgment to add non-parties as judgment debtors, none of them say anything about any requirement that the judgment be uncollectible.  See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 420 21 (9th Cir. 1998) (approving amendment to add non-party judgment debtor), cert. denied, 528 U.S. 815 (1999); Innovation Ventures, LLC v. N2G Distrib., Inc., 2014 WL 10384631, 2014 U.S. Dist. LEXIS 184739 (C.D. Cal. 2014) (denying non-party judgment debtor's motion to remove them from the judgment); Danko v. O'Reilly, 232 Cal. App. 4th 732 (1st Dist. 2014) (trial court did not violate bankruptcy stay, nor rules regarding collateral estoppel or res judicata in adding non-party judgment debtor); Relentless Air Racing, LLC v. Airborne Turbine Ltd. P'ship, 222 Cal. App. 4th 811 (2nd Dist. 2013) (amending judgment to add non-party judgment debtor "is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant"); Toho-Towa Co. v. Morgan Creek Prods., Inc., 217 Cal. App. 4th 1096, 1106 (2nd Dist. 2013) ("[t]he ability under section 187 to amend a judgment to add a defendant, thereby imposing liability on the new defendant without trial, requires both (1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns") (emphasis in text, internal quotation marks omitted); Misik, 197 Cal. App. 4th at 1072 ("amending a judgment to add an alter ego does not add a new defendant but instead inserts the correct name of the real defendant"); Carr v. Barnabey's Hotel Corp., 23 Cal. App. 4th 14 (2nd Dist. 1994) (affirming amendment of judgment to add non-party judgment debtors).

The last of the string-cited cases, Las Palmas Assocs. v. Las Palm as Clr. Assocs., 235 Cal. App. 3d 1220 (2nd Dist. 1991) – which, like its brethren contains no jump-cite and no explanatory parenthetical to assist the court in understanding the non-parties' argument – discusses the alter ego theory, but has nothing to do with amending the judgment.  Worse, for the

1   non-parties, to the degree the case has any relevance to this motion, it goes against them:

> Sellers next assert that even assuming there was a unity of interest between Hahn Inc. and Devcorp, the record lacks substantial evidence to support a finding that justice required the trial court to pierce the corporate veil. They premise their argument on the fact the parties stipulated at trial that Devcorp was worth $4.1 million, an amount sufficient to satisfy the $1.27 million award of compensatory damages and a suitable punitive damage award. They contend buyers dragged Hahn Inc., with its sizeable assets, into the lawsuit only to increase the funds available for a punitive damage award. We are unpersuaded by the claim.

Las Palmas, 235 Cal. App. 3d at 1251. Thus, this case may be read to hold that the alter ego theory may be used even when there are already enough funds to pay a judgment.

It may well be that if the judgment is uncollectible from the named judgment debtors, then that is an inequity that warrants the amendment of the judgment to add a solvent alter ego. See, e.g., Relentless, 222 Cal. App. 4th at 813 ("Relentless cannot collect its judgment because Airborne is insolvent. Under the circumstances here, this is an inequitable result as a matter of law."). But it is a logical error for non-parties to argue that since it would be inequitable to leave the plaintiff with an uncollectible judgment, then it is therefore a *requirement* that the plaintiff have an uncollectible judgment before it can add a non-party judgment debtor.

Indeed, non-parties' proposition is not the law. In this case, Sierra obtained a judgment against Patriot Rail Corp. and Patriot Rail LLC *jointly and severally*. Therefore, Sierra has the right to choose which judgment debtor it will go after to satisfy the judgment. Cf., J & J Sports Prods., Inc. v. Barksdale, 2012 WL 1353903 at *3, 2012 U.S. Dist. LEXIS 52583 at *8 (E.D. Cal.) (Delaney, M.J.) ("[a]s each tortfeasor is jointly and severally liable, plaintiff can essentially pick and choose whom to sue"), adopted, 2012 WL 2376284 (2012).

Here, Sierra has chosen to go after Patriot Rail LLC, even though that entity rendered itself judgment-proof during the course of the litigation. Sierra is free to do so, even if the non-parties are correct that there is a "secret deal" (ECF Nos 735 (Kern Decl.) ¶ 735; ECF No. 739 (Joint Statement) at 31), that explains why Sierra is not pursuing enforcement of its judgment against Patriot Rail Corp. Thus, non-parties' discovery, which is intended to show that the other judgment debtor – Patriot Rail Corp. – is fully capable of paying the judgment, is not relevant to

the pending motion to amend the judgment.

### D. Partial Satisfaction of the Judgment

Non-parties finally argue that they need discovery from Sierra and Patriot Rail Corp. in order to determine whether there has already been a "partial satisfaction of the outstanding judgment to which Sierra is trying to amend Non-Parties." See ECF Nos. 734 at 7, 739 at 5. This argument fails because non-parties make no showing that, even if true, this is relevant to the motion to amend.

Even assuming there has been a "partial" satisfaction of the judgment (and the court notes that Sierra affirmatively states that this is not so), non-parties do not explain why Sierra is not entitled to go after the rest. If there is still some of the judgment that is unsatisfied, Sierra is entitled to go after every appropriate jointly and severally liable judgment creditor and non-party alter ego of the judgment creditors. Thus, discovery intended to show that the judgment has been "partially" satisfied is not relevant to the motion to amend.

Most fundamentally, non-parties have made no showing that even if the entire judgment had already been paid, they are permitting to conduct or compel discovery outside the Federal Rules of Civil Procedure, and with no authorization to do so from the district judge presiding over the case.

## V.  CONCLUSION

Non-parties have offered no authority – no order from this court, no provision of the Federal Rules of Civil Procedure, and no case authority – for the proposition that as non-parties, they are entitled to conduct post-judgment discovery against the parties. They have also offered no logical connection between the discovery they seek and the motion to amend them as judgment debtors.

For the reasons stated above, IT IS HEREBY ORDERED that non-parties' motions to compel (ECF Nos. 696, 697), are DENIED.

DATED: February 22, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE