UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT RAIL CORP., | No. 2:09-cv-0009 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| SIERRA RAILROAD COMPANY, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Counter-defendant Pacific Rail LLC (a/k/a Patriot Rail LLC) ("Pacific"), seeks reconsideration by the undersigned of the "privilege log" requirement of ECF No. 730, the undersigned's February 9, 2016 discovery order. ECF No. 765. The court's order stated that if Pacific asserted privilege with request to certain documents, it "is free to assert that privilege, accompanied by a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A)." ECF No. 730 at 14. Pacific argues that this requirement is unduly burdensome.

I. LEGAL STANDARDS

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). However, a motion for reconsideration "should not be used to ask the court to rethink what the court had already thought through – rightly or wrongly." United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (internal quotation marks omitted). "A

1  party seeking reconsideration must show more than a disagreement with the Court's decision, and
2  recapitulation of the cases and arguments considered by the court before rendering its original
3  decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.
4  Supp. 2d 1111, 1131 (E.D. Cal. 2001) (Wanger, J.) (internal quotation marks omitted).  When
5  filing a motion for reconsideration, E.D. Cal. R. 230(j) requires a party to show the "new or
6  different facts or circumstances claimed to exist which did not exist or were not shown upon such
7  prior motion, or what other grounds exist for the motion."  The moving party must also show
8  "why the [new] facts or circumstances were not shown at the time of the prior motion."  Id.

## II.  ANALYSIS

10  Pacific seeks reconsideration on grounds that producing a privilege log would be unduly
11 burdensome.[1]  ECF No. 765 at 2 (the privilege log requirement "undoubtedly is more burdensome
12 than ever had been anticipated or imagined before").  However, the court's prior order expressly
13 overruled Pacific's assertion that the requirement to produce a privilege log is "unduly
14 burdensome."  ECF No. 730 at 15 ¶ 3.  Thus, Pacific is improperly asking the court to "rethink
15 what it has already thought through," and its motion will accordingly be denied.

16  The court notes, however, that Pacific's argument appears to be based upon its
17 misunderstanding of what the court ordered.  Specifically, Pacific argues that "requiring Pacific to
18 log *every single privileged communication* relating to this litigation itself is insurmountable and
19 certainly unintended."  ECF No. 765 at 9 (emphasis added).  That is not what the court ordered
20 (although a document-by-document privilege log would satisfy the court's order).

21  Rather, the court ordered the production of a privilege log "that complies with Fed. R.
22 Civ. P. 26(b)(5)(A)."  ECF No. 730 at 14.  Rule 26(b)(5)(A) requires only that Pacific "describe
23 the nature of the documents . . . and do so in a manner that . . . will *enable other parties to assess*
24 *the claim*."  Rule 26(b)(5)(A) (emphasis added).  Neither this Rule, nor the undersigned's order,
25 requires the production of a document-by-document privilege log.  See, e.g., Franco-Gonzalez v.
26 Holder, 2013 WL 8116823 at *6, 2013 U.S. Dist. LEXIS 186499 at *23 (C.D. Cal. May 3, 2013)

---

[1] Pacific also seems to base its motion on Smith v. Mass., 543 U.S. 462, 475 (2005), a Double Jeopardy case.  Pacific does not explain the relevance of that case to this motion.

("[w]hile boilerplate objections are insufficient to assert a privilege, Rule 26(b)(5) does not require a document-by-document privilege log") (citation omitted).

When Rule 26(b)(5) was added to the Rules, the Advisory Committee commented as follows:

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, *particularly if the items can be described by categories.*

Fed. R. Civ. P. 26 advisory committee's notes to 1993 Amendments (emphasis added); see also, Durkin v. Shields (In re Imperial Corp. of Am.), 174 F.R.D. 475, 479 (S. D. Cal. 1997) (where "hundreds of thousands, if not millions, of documents" of potentially privileged documents were involved, "Fed. R. Civ. Pro. 26(b)(5) does not require the production of a document-by-document privilege log. In fact, when the legislature enacted Fed. R. Civ. Pro. 26(b)(5), it expressly recognized that there are circumstances in which a document-by-document privilege log would be unduly burdensome and inappropriate").

Thus, if the production of a document-by-document privilege log would be "unduly burdensome," Pacific can comply with the requirements of Rule 25(b)(5)(A) by crafting a privilege log in some other format. The undersigned will not set forth for Pacific exactly what its privilege log must look like. That is something for Pacific to work out, so long as the privilege log – whatever its format – permits this court, and interested parties, to assess its claim of privilege.

### III. CONCLUSION

For the reasons set forth above, Pacific's motion for reconsideration (ECF No. 765) is DENIED.

DATED: March 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE