UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRIOT RAIL CORP., | No. 2:09-cv-0009 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| SIERRA RAILROAD COMPANY, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Non-parties Gary O. Marino, Pacific Rail Holdings, LLC, and Patriot Equity, seek reconsideration by the undersigned, of two aspects of ECF No. 759, the undersigned's February 23, 2016 discovery order. ECF No. 771.

I.  LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). However, a motion for reconsideration "should not be used to ask the court to rethink what the court had already thought through – rightly or wrongly." United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (internal quotation marks omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.

1  Supp. 2d 1111, 1131 (E.D. Cal. 2001) (Wanger, J.) (internal quotation marks omitted).  When

2  filing a motion for reconsideration, E.D. Cal. R. 230(j) requires a party to show the "new or

3  different facts or circumstances claimed to exist which did not exist or were not shown upon such

4  prior motion, or what other grounds exist for the motion."  The moving party must also show

5  "why the [new] facts or circumstances were not shown at the time of the prior motion."[1]  Id.

## II.  ANALYSIS

First, non-parties argue that the discovery order falsely stated that Patriot Rail LLC rendered itself "judgment-proof" during the course of the litigation.  Non-parties argue that in fact, Patriot Rail LLC "has the $1.2 million needed to satisfy the punitive award against it."  ECF No. 771 at 4.  Non-parties misleadingly omit any mention of the $22.282 million judgment rendered against Patriot Rail LLC, jointly and severally with Patriot Rail Corp. (see ECF No. 532 at 2 ¶ 2), and do not claim that Patriot Rail Corp. has the funds needed to pay that portion of the judgment.  This argument does not warrant reconsideration of the discovery order.

Second, non-parties argue that whether Patriot Rail LLC is judgment-proof is an issue currently pending before the district court, beyond the authority of the undersigned to consider, and that use of the term risks creating a "settled, finding of fact or the law of this Court."  ECF No. 771 at 4-5.  The undersigned's use of the term "judgment-proof" was a short-hand way of observing that during the litigation, Patriot Rail LLC went from being able to pay the *entire* judgment (not limited to the punitive portion of the judgment), to being unable to pay the entire judgment.  The observation was offered to give context to the matter before the court.  The district court of course is not bound in any way by this observation, and it is not a finding of fact or conclusion of law.

Third, non-parties object to the fact that the undersigned addressed an argument they raised in their brief.  Specifically, non-parties argued that under Cal. Civ. Proc. Code § 187, a judgment could not be amended unless "uncollectability of the judgment is *the result of an inequity*."  ECF No. 739 at 4 (emphasis in text).  Thus, they argued, they needed discovery to

---

[1] Non-parties also seem to base their motion on Smith v. Mass., 543 U.S. 462, 475 (2005), a Double Jeopardy case.  Non-parties do not explain the relevance of that case to this motion.

prove that "there are no inequitable results from not amending the judgments." ECF No. 739 at 4. Now that the undersigned has ruled against them on this point, non-parties argue instead that the undersigned should never have considered the argument they themselves raised. ECF No. 771 at 5. The undersigned rejects non-parties' argument that "heads we win, tails you should never have considered our argument." As posed by non-parties in their brief, resolution of this question was a proper consideration of the question before the undersigned.

Non-parties then proceed to re-argue the merits of their Section 187 argument. ECF No. 771 at 5-7. However, motions for reconsideration are not an opportunity for "recapitulation of the cases and arguments considered by the court before rendering its original decision." Westlands, 134 F. Supp. 2d at 1131. Here, plaintiffs re-argue the cases they cited in their original brief, but this time they attempt to explain the relevance of those cases – the thing they failed to do the first time around. The undersigned has already expended scarce judicial resources examining – without non-parties' assistance – the unexplained cases non-parties string-cited in their original brief.[2] Non-parties' current efforts to back-fill the research they should have done in their original brief is not a basis for reconsidering the discovery order.

Moreover, non-parties' addition of two district court decisions to its argument is also unavailing, as neither case undermines the court's discovery order. See ECF No. 771 at 6-7. Those cases address the need to show "inequity" as a requirement for invoking the alter ego doctrine, not as a requirement for amending a judgment.[3] In any event, reconsideration in light of cases not previously cited in the original brief could be warranted if those cases were binding on this court, and showed that the prior ruling was in error. The cited cases are not binding on this court, and do not reveal any error.

---

[2] See ECF No. 759 (noting that non-parties "string-cite eight cases, none with jump-cites or explanatory parentheticals").

[3] See Wady v. Provident Life & Accident Ins. Co. of Am., 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002) ("[b]efore the [*alter ego*] doctrine may be invoked," it must be established that "if the acts are treated as those of the corporation alone, an inequitable result will follow") (internal quotation marks omitted); Stewart v. Screen Gems-EMI Music, Inc., 81 F. Supp. 3d 938, 960 (N.D. Cal. 2015) ("[t]o invoke the alter ego doctrine, a plaintiff must allege facts sufficient to support a plausible claim that . . . if the acts are treated as those of only one of the corporations, an inequitable result will follow").

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that non-parties' motion for reconsideration (ECF No. 771), is DENIED.

DATED: March 31, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE